J-S79023-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARCUS HAYES | : | |
| | : | |
| Appellant | : | No. 867 EDA 2016 |

Appeal from the Judgment of Sentence February 23, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005276-2013

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 15, 2018**

Marcus Hayes appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, imposed following the revocation of his probation.  We affirm.

On June 11, 2013, Hayes entered into a negotiated guilty plea to the charge of corruption of a minor.[1]  The same day, the trial court sentenced Hayes to a term of six to twelve months' imprisonment, followed by three years of sex offender probation.  Hayes received credit for time served and the trial court deemed him eligible for a re-entry plan; he was subsequently released from prison on September 16, 2013.  Following his release, the trial

_____

[1] 18 Pa.C.S.A. § 6301(a)(1)(i).

court found Hayes in violation of his probation four times, on October 15, 2013,[2] May 12, 2014,[3] February 12, 2015[4] and February 23, 2016.

Hayes' February 23, 2016 revocation of probation stemmed from events following his release from incarceration on January 24, 2016. Hayes received written instructions to immediately report to the probation office upon release from prison, but he failed to appear. On January 26, 2016, Probation Officer Michael Hernandez found Hayes at his residence, which is located only two blocks from the probation office. Hayes signed written instructions to report to the probation office the following morning between 8:30 a.m. and 12:00 p.m., however, he again failed to report as instructed. On January 27, 2016, between 2:00 p.m. and 3:00 p.m., probation officers found Hayes walking at the corner of 12th and Somerset Streets in Philadelphia. The probation officers arrested Hayes and transported him to the probation office without incident. While in custody, Hayes also admitted to smoking marijuana.

On February 23, 2016, the trial court found Hayes in violation of his probation, revoked his probation and sentenced him to a term of 10 to 23

---

[2] The trial court revoked Hayes' probation after he tested positive for cocaine and marijuana, and sentenced him to serve the balance of his back time, followed by three years of sex offender probation.

[3] The trial court deferred sentencing to August 1, 2014, after which it sentenced Hayes to 11½ to 23 months' imprisonment, with immediate parole, followed by three years' sex offender probation.

[4] The trial court revoked Hayes' probation and sentenced him to one to two years' imprisonment followed by three years of state-supervised sex offender probation.

- 2 -

months' incarceration. Hayes filed a timely notice of appeal on March 21, 2016. Both Hayes and the trial court have complied with Pa.R.A.P. 1925. On appeal, Hayes raises the following issue for our review:

> Did not the lower court err in finding [Hayes] in technical violation of his probation where the evidence failed to establish by a preponderance [of the evidence] that [Hayes] knowingly violated a condition of his probation because he was detained within a [72-]hour period of his release two blocks from the probation department[] and there was no competent evidence sufficient to support the revocation.

Brief of Appellant, at 3.

Hayes argues that: (1) the Commonwealth failed to prove Hayes violated an initial reporting condition; (2) the evidence failed to prove that Hayes violated an instruction to report by "8 o'clock"; (3) the statement relating to drug use is too vague to support a violation; and (4) hearsay evidence alone cannot support a probation revocation. Brief of Appellant, at 11. Hayes' arguments are unavailing.

> When we consider an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternative that it had at the time of initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or abuse of discretion.

***Commonwealth v. Perreault***, 930 A.2d 553, 557-58 (Pa. Super. 2007) (quotations and citations omitted).

> When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal

conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, **the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation**.

**Commonwealth v. Simmons**, 56 A.3d 1280, 1284 (Pa. Super. 2012) (emphasis added).

Probation is a privilege, not an absolute right. **Commonwealth v. McNeil**, 665 A.2d 1247, 1252 (Pa. Super. 1995). Further, probation revocation requires only a truncated hearing by the sentencing court to determine whether probation remains rehabilitative and continues to deter future antisocial conduct. **Commonwealth v. Mullins**, 918 A.2d 82, 86 (Pa. 2007). A violation of probation hearing takes place without a jury, with a lower burden of proof, and with fewer due process protections. **Id.** Technical violations are sufficient to trigger probation revocation. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000).

Here, Hayes claims the evidence was insufficient to prove a violation of his probation. A challenge to the sufficiency of the evidence is

a question of law subject to plenary review. We must determine whether the evidence admitted at [a revocation hearing] and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

**Perreault**, 930 A.2d at 558, quoting **Commonwealth v. Snyder**, 870 A.2d 336, 346-47 (Pa. Super. 2005).

At Hayes' revocation hearing, the Commonwealth sought to establish that Hayes used marijuana and committed two technical violations of the terms of his probation. Specifically, Hayes twice failed to report to the probation office, which was located only two blocks from his residence. He first failed to appear on January 24, 2016, and again on January 27, 2016. Hayes concedes that Probation Officer Hernandez informed him that he needed "to report between "8:30 [a.m.] and 12:00 [p.m.]" on January 27, 2016. However, Probation Officer Hernandez did not locate Hayes until "[two] or [three] o'clock in the afternoon . . . around 12th and Somerset [Street]." N.T. Revocation Hearing, 2/23/16, at 5, 9. The revocation court also found credible Probation Officer Hernandez's testimony that Hayes admitted to smoking marijuana. *Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2007) (it is for fact-finder to make credibility determinations, and finder of fact may believe all, part, or none of witness' testimony). Hayes' failure to report and his admitted use of marijuana were technical violations of probation that supported revocation. *Commonwealth v. Cappellini*, 690 A.2d 1220, 1225 (Pa. Super. 1996) (continuing to use drugs is probation violation); *Commonwealth v. Mitchell*, 632 A.2d 934, 936 (Pa. Super. 1993) (technical violations, including failure to report to parole officer, justified parole revocation).[5]

_____

[5] The Commonwealth failed to admit into evidence Hayes' violation report summary or the written instructions provided by Probation Officer Hernandez

Hayes contends that the trial court premised his probation revocation solely on hearsay evidence, but concedes that he did not object to the admission of evidence he characterizes as hearsay at his revocation hearing. Therefore, we need not consider this argument as it is waived on appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Powell*, 956 A.2d 406, 423 (Pa. 2008) ("The absence of contemporaneous objection below constitutes a waiver" of claim on appeal.).[6]

In light of the foregoing, we do not find that the revocation court abused its discretion or made an error of law in imposing Hayes' sentence in this matter. *Perreault*, *supra*. Accordingly, we are compelled to affirm Hayes' judgment of sentence.

Judgment of sentence affirmed.

_____

or other probation officers regarding when he was to report to the probation office. However, Hayes did not refute Probation Officer Hernandez's recitation of the facts at the revocation hearing, and the revocation court found Probation Officer Hernandez's testimony credible. *Gibbs*, *supra*.

[6] Hayes' characterization of Probation Officer Hernandez's testimony as hearsay is incorrect. Hernandez "found [Hayes] inside of [his] residence" and provided written instructions to report. N.T. Revocation Hearing, 2/23/16, at 5. Hayes also conceded that another probation officer, whom he called Mr. Gardner, served him with a paper requiring him to report on January 27, 2016 by 12:00 p.m. *See id.* at 9. By his own admission, Hayes knew that he had to report. Thus, even without evidence of Hayes' admitted marijuana use, there is sufficient non-hearsay evidence to establish a probation violation.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/18