J-S50039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYLER ALLAN OBERT | : | |
| | : | |
| Appellant | : | No. 457 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 5, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000737-2013

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED SEPTEMBER 19, 2019**

Appellant, Tyler Allan Obert, appeals from the judgment of sentence of two to five years of confinement which was imposed after the revocation of his probationary sentence for statutory sexual assault and corruption of minors.[1] We affirm.

On March 7, 2014, Appellant pleaded guilty to the aforementioned charges. On April 23, 2014, Appellant was sentenced to time served (272 days) to 23 months and 29 days of confinement with a concurrent four years of probation. Appellant was immediately paroled, subject to multiple conditions, including: "[Appellant] shall undergo any mental health

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3122.1(a)(1) and 6301(a)(1)(i), respectively.

counseling or therapy that is recommended for him and not discontinue the same without the prior consent of the Adult Probation/Parole Department and the counselors involved."  Order, 4/23/2014, at ¶ 4.[2]

On May 24, 2017, following a hearing,[3] the trial court found Appellant violated the terms of his probation.  Order, 5/24/2017, at 1.  Appellant was re-sentenced to five years of probation, and all prior conditions of his probation were re-imposed.  N.T., 5/24/2017, at 35; Order, 5/24/2017, at 1. Appellant did not object when the trial court re-imposed the same conditions. *See* N.T., 5/24/2017, at 35-36.  When Appellant asked if the trial court would consider an early termination, the trial court stated that it may consider it, if

_____

[2] The notes of testimony from Appellant's March 2014 guilty plea hearing and his April 2014 sentencing hearing were not transcribed.  Accordingly, we do not know the underlying facts of this case, and we cannot determine what Appellant was told by his counsel, the Commonwealth, or the trial court on the record during his sentencing hearing, whether Appellant acknowledged that he understood the terms of his probation, or whether he objected to any of the conditions.  Consequently, we must rely entirely upon the written sentencing order.

This omission "encumbered our consideration of this appeal." ***Commonwealth v. Medina***, 209 A.3d 992, 994 n.3 (Pa. Super. 2019) (quoting ***Erie Insurance Exchange v. Moore***, 175 A.3d 999, 1005-06 (Pa. Super. 2017)).  "Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials[,]" Note to Pa.R.A.P. 1921 – *i.e.*, Appellant had the responsibility to verify that all materials necessary for appellate review were made part of the certified record, including the notes of testimony from his 2014 sentencing.

[3] At that hearing, Appellant's parole agent testified that, when Appellant began his parole, he had reviewed the terms of Appellant's supervision with Appellant, and Appellant had signed a form stating that he received the list of conditions.  N.T., 5/24/2017, at 6-7.  The form was admitted as Commonwealth's Exhibit 1.

Appellant "has all the counseling he needs[.]" *Id.* at 35. Appellant again did not raise any objections to the mention of him receiving counseling. *See id.* at 35-36. Appellant did not file post-sentence motions or a direct appeal.

On May 11, 2018, Appellant filed his first, pro se PCRA petition. On November 1, 2018, the PCRA court dismissed Appellant's petition. On November 13, 2018, Appellant filed a timely appeal from the PCRA order.

On January 9, 2019, during the pendency of that appeal, a notice of alleged violations of probation ("NOAV") was filed by the Adult Probation, Parole, and Intermediate Punishment Department of Crawford County, claiming that Appellant "had been unsuccessfully discharged from Sex Offender Treatment at Project Point of Light [('PPL')] back on November 15, 2018." NOAV, 1/9/2019, at 1. On January 11, 2019, the trial court held a *Gagnon I*[4] hearing and entered an order that it "find[s] probable cause [Appellant] violated his Probation." *Gagnon I* Hearing Order, 1/11/2019.

On February 27, 2019, an addendum to the NOAV was filed, alleging that Appellant "was unsuccessfully discharged from the Regional Counseling Center, Inc. [('RCC')] on October 26, 2018." Addendum to the NOAV, 2/27/2019. Appellant had been attending RCC for mental health treatment. N.T., 3/5/2019, at 7, 9.

---

[4] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (discussing revocation hearings).

On March 5, 2019, the trial court held a **Gagnon II** hearing. At the hearing, Agent Jeremy Oliver of the Pennsylvania Board of Probation and Parole testified that Appellant had been discharged from mental health treatment at RCC and from sex offender treatment at PPL. N.T., 3/5/2019, at 5-9; Trial Court Opinion, filed May 29, 2019, at 3. Agent Oliver added that Appellant had been given the opportunity to re-enroll in PPL and written instructions on how to do so, but Appellant never pursued the option. N.T., 3/5/2019, at 15.

During Agent Oliver's testimony, when the Commonwealth moved for admission of Appellant's RCC discharge transition summary with attendance sheet as Commonwealth's Exhibit 1, **id.** at 8, the following exchange occurred:

THE COURT:      Any objection?

[DEFENSE COUNSEL]:  Just one. Has this document been created by you?

THE WITNESS:    No, sir. It was not.

[DEFENSE COUNSEL]:  Authentication, Your Honor? . . .

[THE COURT:]    I'll sustain the objection to the document.

**Id.** at 9-10.

Christopher Johnston, the program clinician for PPL, confirmed that Appellant had been discharged from that program in November 2018 due to his lack of attendance at sex offender group therapy. **Id.** at 16-17, 20; Trial Court Opinion, filed May 29, 2019, at 3.

Appellant testified in his own defense that he is a Christian Scientist who does not believe in mental health treatment and that he did not live within

- 4 -

walking distance of RCC, had no access to public transportation to RCC, and had only been able to reach RCC on days that medical transport was available to him. N.T., 3/5/2019, at 50, 65-66.

At the conclusion of the *Gagnon II* hearing, the trial court found Appellant had violated the terms of his probation and proceeded immediately to sentencing. After hearing argument about sentencing, the trial court stated:

> These are cases where I expect total compliance. You need to figure out a way to make sure that you do comply because the idea is before you go back on the street that we try to make sure that society is going to be protected from any issues that you have and if you get treatment, hopefully you won't have any[]more sex offender issues, you'll be able to control your mental health issues, but we can't do that if you don't cooperate and I know your position is that you're cooperating and things just didn't work out. That you couldn't get there . . . I understand all of that, but you look at the whole circumstances and the totality of the circumstances, it's just clear to me that you have not complied as you didn't do back in May of 2017 when we violated you the first time.
>
> So looking at all of that I think it's important that you understand and that society understands that you need to be – this needs to be taken seriously and the record we have here is that it's not being.

*Id.* at 82-83. The trial court then re-sentenced Appellant to two to five years of probation. Order, 3/5/2019.

On March 12, 2019, Appellant filed post-sentence motions challenging the sufficiency of the evidence and the discretionary aspects of sentencing. Post-sentence Motions, 3/12/2019, at ¶¶ 2-3. On March 14, 2019, the trial

court denied the post-sentence motions. On March 22, 2019, Appellant filed this timely direct appeal.[5]

On June 4, 2019, this Court affirmed the judgment of sentence from Appellant's earlier probation revocation. On July 5, 2019, Appellant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which remains pending.[6]

Appellant now presents the following issues for our review:

[I.] Whether it is against the weight of the evidence to find [Appellant] was unsuccessfully discharged from [PPL] on November 15, 2018?

[II.] Whether the Parole Board's choice of recommending sex offender therapy for [Appellant] substantially burdens [Appellant]'s religious practice as a Christian Scientist by compelling conduct which violates a specific tenet of his faith without a compelling state interest that is narrowly tailored?

[III.] Whether there was sufficient evidence to prove [Appellant] was unsuccessfully discharged from [RCC] on October 26, 2018 by a preponderance of the evidence?

[IV.] Whether the [trial c]ourt abused its discretion in sentencing [Appellant] to two to five years of incarceration?

Appellant's Brief at 6-7 (issues re-ordered to facilitate disposition) (suggested answers omitted).

"[I]n reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity

---

[5] Appellant filed his statement of errors complained of on appeal on April 22, 2019. The trial court entered its opinion on May 29, 2019.

[6] We find no law – and neither party provides us with any – stating that a trial court cannot find a defendant in violation of probation and impose a new judgment of sentence during the pendency of an appeal in the same case.

of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." ***Commonwealth v. Kuykendall***, 2 A.3d 559, 563 (Pa. Super. 2010). "We review a sentence imposed following a revocation of probation for an error of law or an abuse of discretion." ***Commonwealth v. Flowers***, 149 A.3d 867, 873 (Pa. Super. 2016).

Preliminarily, we note that a challenge to the weight of the evidence is not cognizable for an appeal from the revocation of probation. ***See Commonwealth v. McDermott***, 547 A.2d 1236, 1246 (Pa. Super. 1988) (stating that there was "no authority for appellant's assumption that a challenge to the evidence may be properly entertained on appeal from parole revocation"); ***Commonwealth v. Levenberg***, No. 2680 EDA 2018, unpublished memorandum at 9 (Pa. Super. filed July 23, 2019) ("there is no authority that indicates that we may entertain on appeal a challenge to the weight of the evidence from a probation revocation by the trial court");[7] ***see also Commonwealth v. Mullins***, 918 A.2d 82, 85 (Pa. 2007) (explaining the procedural distinctions between a trial and a hearing about the revocation or

---

[7] Pursuant to Pa.R.A.P. 126(b) (effective May 1, 2019):

(1) As used in this rule, "non-precedential decision" refers to an unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019 or an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008.

(2) Non-precedential decisions as defined in (b)(1) may be cited for their persuasive value.

violation of parole or probation); **Kuykendall**, 2 A.3d at 563 (scope of appellate review does not include weight of the evidence claims). Accordingly, Appellant's first issue fails.

Additionally, Appellant has failed to preserve his second issue challenging the condition of his probation that he "undergo any mental health counseling or therapy that is recommended for him[,]" Order, 4/23/2014, at ¶ 4, as there is nothing in the record to suggest that Appellant objected to this condition of his probation at the time of his original sentencing in 2014 or his re-sentencing following his first violation of probation hearing in 2017. This issue thus is waived.

### Sufficiency of the Evidence

Turning to Appellant's surviving questions, he contends that the "Commonwealth's evidence is insufficient to prove [he] was unsuccessfully discharged from" RCC. Appellant's Brief at 13.

Agent Oliver testified that Appellant had been discharged from the mental health treatment program at RCC, N.T., 3/5/2019, at 6-8, and no evidence was admitted contradicting his testimony. This evidence was sufficient to support the trial court's finding that Appellant had not completed this condition of his probation.

To the extent that Appellant is now attempting to argue that all of Agent Oliver's testimony about Appellant's discharge from RCC "should have been excluded pursuant to Appellant's objection," Appellant's Brief at 15, Appellant failed to preserve this challenge, because he only objected to the admission

of the RCC discharge transition summary as an exhibit and not to all of Agent Oliver's testimony about the RCC discharge. N.T., 3/5/2019, at 9. The trial court also explicitly stated that it "sustain[ed] the objection to the **document**" and not the entirety of Agent Oliver's testimony on this matter. *Id.* at 10 (emphasis added). If there had been any ambiguity as to the extent of the trial court's decision, Appellant could have requested a clarification after the trial court specifically referred to "the document[,]" but Appellant failed to do so. *Id.*

We also observe that Appellant does not challenge the sufficiency of the evidence to find that he was unsuccessfully discharged from sex offender treatment at PPL. *See* Appellant's Brief at 13-17. Even assuming that we were to accept Appellant's claim that the evidence was insufficient to support the finding that he had been unsuccessfully discharged from RCC for mental health treatment, he still failed to complete his sex offender treatment and, consequently, violated the condition of his probation that he "undergo **any** mental health counseling or therapy that is recommended for him and not discontinue the same without the prior consent of the Adult Probation/Parole Department and the counselors involved." Order, 4/23/2014, at ¶ 4 (emphasis added). *Ergo*, even without any findings about Appellant's failure to complete his therapy with RCC, the revocation of Appellant's probation was still proper based upon his failure to complete his treatment with PPL alone.

## Sentencing

Next, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 25-26.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018). In the current case, Appellant filed a timely notice of appeal, preserved his issue in a post-sentence motion, and included a statement in his brief pursuant to Pa.R.A.P. 2119(f). Appellant's Brief at 10-12. The final requirement, whether the question raised by Appellant is a substantial question meriting our discretionary review, "must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Manivannan***, 186 A.3d at 489 (quotation marks and some citations omitted). Appellant maintains:

- 10 -

> Here, the sentence was manifestly excessive in light of the conduct at issue, making it contrary to the fundamental norms which underlie the sentencing process. The conduct at issue was missing a few mental health counseling meetings due to transportation issues and being discharged from sex offender treatment due to his probation officer telling them to after [Appellant] failed to bring in doctor's excuses.

Appellant's Brief at 11. This issue presents a substantial question for our review. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (claim that a sentence is excessive in light of the conduct at issue raises a substantial question); *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006) (appellant "presented a statement of reasons for allowance of appeal arguing . . . that his sentence of total confinement and 36 years of probation were manifestly excessive"; this issue presents a substantial question).

Having found that Appellant's sentencing challenge merits our discretionary review, we turn to Appellant's specific claim that "the mitigating circumstances that were brought to light at the hearing show a much less severe re-sentence is necessary" and that "[i]t was manifestly excessive unreasonable, and contrary to the fundamental norms which underlie the sentencing process to sentence [Appellant] to an extended state sentence[.]" Appellant's Brief at 25.

"The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v.*

***Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000) (quotation marks and citations omitted).

> [A]n abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Lekka***, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

Appellant has not made any claims that the trial court has ignored or misapplied the law or has shown partiality, prejudice, bias, or ill will. ***Id.*** Furthermore, the trial court articulated its reasons for giving Appellant his current sentence, N.T., 3/5/2019, at 82-83, which were supported by the record, including its consideration of Appellant's "position that [he was] cooperating and things just didn't work out[,]" ***id.*** at 83; we thus cannot find that the trial court arrived at an unreasonable decision. ***See Lekka***, 210 A.3d at 350. Therefore, Appellant has failed to demonstrate a manifest abuse of discretion, and we thereby will not disturb Appellant's sentence on appeal. ***Id.***

\* \* \*

Based on the foregoing, Appellant is not entitled to relief on any of his issues. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2019