J-S18004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                      :
:
:
:
TIFFANI LEE TELLER         :
:
Appellant            :   No. 1651 MDA 2019


Appeal from the Judgment of Sentence Entered September 5, 2019,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s):  CP-40-CR-0002478-2018.

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED JULY 09, 2020**

Tiffani Lee Teller appeals from the judgment of sentence imposed following the revocation of her probation.  Additionally, Teller's court-appointed counsel, Matthew P. Kelly, Esquire, has filed a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We grant Attorney Kelly's petition, and affirm Teller's judgment of sentence.

On December 7, 2018, Teller entered guilty pleas to one count each of retail theft and possession of a controlled substance.[1]  The trial court

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3921(a)(I), 35 Pa.C.S.A. § 780-113(a)(16).

sentenced her to serve nine months of probation on each count, to be served concurrently. Teller did not file a post-sentence motion or a direct appeal.

Thereafter, the Luzerne County Department of Adult Probation and Parole subsequently filed a petition to revoke Teller's probation based on alleged violations of the conditions of probation. On September 5, 2019, the violation of probation ("VOP") court conducted a hearing on the petition. During the hearing, Teller admitted that she violated the terms of her probation. The VOP court resentenced her to serve seventy-five days to nine months in prison on each count, to be served concurrently. Teller filed a timely notice of appeal. The VOP court appointed Attorney Kelly as Teller's appellate counsel. Both Teller and the VOP court complied with Pa.R.A.P. 1925.

In this Court, Attorney Kelly has filed a petition to withdraw from representation and an **Anders** Brief. Teller did not file a response to the petition or the **Anders** brief.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has

- 2 -

determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise h[er] of h[er] right to retain new counsel, proceed pro se, or raise any additional points [s]he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, Attorney Kelly has complied with each of the requirements of *Anders*. Attorney Kelly indicates that he conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Kelly's

*Anders* brief substantially comports with the requirements set forth by the Supreme Court of Pennsylvania in *Santiago*. Finally, the record includes a copy of the letter that Attorney Kelly sent to Teller, advising her of her right to proceed *pro se* or retain alternate counsel and file additional claims, and stating Attorney Kelly's intention to seek permission to withdraw. Accordingly, Attorney Kelly has complied with the procedural requirements for withdrawing from representation, and we will conduct an independent review to determine whether Teller's appeal is wholly frivolous.

In the *Anders* Brief, Attorney Kelly raises two issues for our review:

I.   Whether being resentenced on a probation violation constitutes double jeopardy.

II.  Whether trial counsel was ineffective in coercing her into an involuntary plea.

*Anders* Brief at 1.

The first issue raised in the *Anders* brief presents a constitutional challenge to the VOP court's sentence on the basis that it violates the double jeopardy clauses of the United States Constitution and the Pennsylvania Constitution. Attorney Kelly concluded that the issue is frivolous because a VOP sentence is not a second punishment for the original offense, but rather an integral element of the original sentence. *Anders* Brief at 6 (citing *Commonwealth v. Mullins*, 918 A.2d 82 (Pa. 2007)). We agree.

Generally, in reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the

validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence. *See Commonwealth v. Kuykendall*, 2 A.3d 559, 563 (Pa. Super. 2010). However, the question of whether a defendant's constitutional right against double jeopardy was infringed is a question of law. *Id*. Hence, our scope of review is plenary and our standard of review is *de novo*. *Id*.

Our Supreme Court has explained that a VOP hearing "differs from a trial, as probation and parole are not part of the criminal prosecution; the full panoply of rights due a defendant in a criminal trial does not apply at a VOP hearing." *Mullins*, 918 A.2d at 85. Indeed, the standards for a violation of probation hearing are distinctly different from a trial, as a VOP hearing "takes place without a jury, with a lower burden of proof, and with fewer due process protections." *Id*. Therefore, "[r]evocation of probation and resentencing does not implicate double jeopardy precisely because 'revocation is not a second punishment for the original conviction, but rather is an integral element of the original conditional sentence.'" *Commonwealth v. Johnson*, 967 A.2d 1001, 1005 (Pa. Super. 2009) (quoting *Mullins*, *supra* at 85).

As Teller's VOP sentence does not violate the double jeopardy clauses of the United States Constitution or the Pennsylvania Constitution, we agree with Attorney Kelly that the first issue raised in the *Anders* brief is frivolous.

The second issue raised in the *Anders* brief presents a claim that "trial counsel was ineffective in coercing [Teller] into an involuntary plea." *Anders*

Brief at 6. Attorney Kelly concluded that this issue was frivolous because claims of ineffective assistance of counsel are generally not reviewed upon direct appeal, and are to be deferred to collateral review under the Post Conviction Relief Act ("PCRA"). *Id*. (citing **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013)). Once again, we agree with Attorney Kelly's determination.

Litigation of ineffectiveness claims is not generally a proper component of a defendant's direct appeal, and is presumptively deferred for collateral attack under the PCRA. **See Holmes**, 79 A.3d at 578 (establishing a deferral rule for ineffectiveness claims litigated after its decision in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002)). While the Pennsylvania Supreme Court has recognized limited exceptions to the rule that ineffectiveness claims should be deferred until collateral review, we find nothing in the record suggesting that Teller's ineffectiveness claim falls within any exception to the rule that such a claim should be deferred until collateral review. **See Holmes**, 79 A.3d at 563-54; **see also Commonwealth v. Delgros**, 183 A.3d 352 (Pa. 2018). For this reason, we decline to address the merits of Teller's ineffectiveness claim, without prejudice for her to raise the claim on collateral review before the PCRA court.

Finally, as required by **Anders**, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. Our independent review of the record discloses no other

non-frivolous issues that Teller could raise that her counsel overlooked. ***See***

***Dempster***, ***supra***.

Having concluded that there are no meritorious issues, we grant

Attorney Kelly's petition to withdraw as counsel, and affirm the judgment of

sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/09/2020