J-S10004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS LEE HARRISON | : | |
| | : | |
| Appellant | : | No. 68 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 17, 2019
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000401-2015

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:          **FILED: MAY 25, 2021**

Thomas Lee Harrison (Appellant) appeals from the judgment of sentence imposed following revocation of his probation and resentencing for possession of a controlled substance with the intent to deliver.[1]  Additionally, Appellant's counsel (Counsel), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the factual and procedural history of this case as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[The charges arise] from a January 15, 2015 incident, wherein a confidential informant (hereinafter "C.I.") informed the Lackawanna County Drug Task Force that he/she could purchase crack cocaine from the Appellant. Specifically, the Appellant agreed to meet the C.I. via a telephone call and sell him/her a quantity of crack cocaine. The C.I. and the Appellant planned to meet behind the Adams Avenue Apartment Building in Scranton, Pennsylvania. Lackawanna County Drug Task Force officers conducted surveillance at the meet location. While at the location, a red Nissan arrived. Through previous drug investigations involving the Appellant, officers were able to identify the red vehicle as well as the Appellant. The red Nissan crashed into an iron fence while in reverse. Due to the crash, officers "boxed" the vehicle, and approached. Officers observed the Appellant in the front passenger seat making furtive movements, and initiated arrest. While officers transported the Appellant to the police station, four (4) grams of crack cocaine were discovered underneath the police vehicle.

Subsequently, on October 14, 2015, the Appellant entered a guilty plea under 15 CR 401 to one (1) count of Possession with the Intent to Deliver a Controlled Substance, 35 P.S. § 780-113(a)(30). On May 10, 2016, upon thorough review of the pre-sentence investigative report as well as the Sentencing Guidelines, the facts and circumstances of the underlying offense and the specific characteristics of Appellant, this [c]ourt originally sentenced the Appellant to fourteen (14) to thirty-six (36) months state incarceration, followed by three (3) years' of special probation.

On December 31, 2018, while on parole, the Appellant re-offended and incurred an assault and theft related offense. Subsequently, on January 4, 2019, the Appellant re-offended again and incurred an escape and resisting arrest offense. On April 3, 2019, Appellant admitted he incurred two arrests and stipulated to the violation of his special probation. This [c]ourt deferred sentence pending disposition of the new criminal charges. On December 17, 2019, this [c]ourt revoked and resentenced Appellant to twenty-four (24) to forty-eight (48) months of state incarceration. Appellant filed a Motion for Reconsideration, which was denied on December 2[7], 2019. Subsequently, Appellant filed a timely Notice of Appeal to the Pennsylvania Superior Court on January 2, 2020.

Trial Court Opinion, 12/16/20, at 2-3 (record citations omitted).

On February 16, 2021, Counsel filed an *Anders* brief, in which she avers that Appellant's appeal is frivolous, and requests permission from this Court to withdraw from representation. Appellant did not file a response to the *Anders* brief or raise any additional claims.

It is well settled that when presented with an *Anders* brief, we may not review the merits of the underlying issues without first determining whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Therefore, we address the particular mandates that counsel seeking to withdraw pursuant to *Anders* must follow. These mandates and the protection they provide arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

We have explained:

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand

- 3 -

the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

*Id.* (citations omitted).

Additionally, there are requirements as to the content of the **Anders** brief:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. If counsel has satisfied the above requirements, it is this Court's duty to review the trial court proceedings to determine whether there are any non-frivolous issues that the appellant could raise on appeal. **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel has complied with the requirements of **Anders**. Counsel filed a petition with this Court stating that after reviewing the record, she finds the appeal to be wholly frivolous. Petition to Withdraw as Counsel, 2/16/21, ¶ 9. In conformance with **Santiago**, Counsel included in the **Anders** brief summaries of the facts and procedural history, as well as discussion of the issues she believes may arguably support Appellant's appeal. **See Anders** Brief at 5-12. Also, Counsel sets forth her conclusion that the appeal is frivolous with citation to relevant authority. **Id.** Finally, Counsel has attached

to her petition to withdraw the letter she sent to Appellant, along with Counsel's petition and **Anders** brief. Petition to Withdraw as Counsel, 2/16/21, Ex. A. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel, and raise any additional issues he deems worthy of this Court's consideration. Accordingly, we proceed to Appellant's substantive claims.

Appellant presents two issues for review:

A. WHETHER THE IMPOSITION OF THE 24 MONTH TO 48 MONTHS' SENTENCE OF CONFINEMENT ON DECEMBER 17, 2019 FOLLOWING THE REVOCATION OF APPELLANT'S PROBATION VIOLATED THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT AS APPLIED TO THE STATES THROUGH THE FOURTEENTH AMENDMENT.

B. WHETHER THE SENTENCE IMPOSED WAS HARSH AND EXCESSIVE AND AN ABUSE OF DISCRETION.

**Anders** Brief at 4.

In his first issue, Appellant argues the trial court violated the double jeopardy clause of the United States Constitution by revoking his probation and resentencing him. "[T]he question of whether a defendant's constitutional right against double jeopardy was infringed is a question of law." **Commonwealth v. Kuykendall**, 2 A.3d 559, 563 (Pa. Super. 2010). "Hence, our scope of review is plenary and our standard of review is *de novo*." **Id.**

Our Supreme Court has explained that "probation and parole are not part of the criminal prosecution[.]" **Commonwealth v. Mullins**, 918 A.2d 82, 85 (Pa. 2007). "Revocation of probation and resentencing does not

implicate double jeopardy precisely because revocation is not a second punishment for the original conviction, but rather is an integral element of the original conditional sentence." ***Commonwealth v. Johnson***, 967 A.2d 1001, 1005 (Pa. Super. 2005) (citation omitted).

Here, the trial court revoked Appellant's probation and resentenced him to 24 - 48 months of incarceration. Because the trial court's revocation "is not a second punishment," but part of Appellant's original sentence, there was no double jeopardy violation. We therefore agree with Counsel that this issue is frivolous. ***Anders*** Brief at 10-11 ("Counsel [] recognizes that the court had the authority to revoke [Appellant's] probation even though his probation had not commenced and to resentence him to a new sentence which included a period of incarceration.").

In his second issue, Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

Appellant has filed a timely notice of appeal and included in his brief a Rule 2119(f) concise statement. *See Anders* Brief at 9-10. However, Appellant failed to preserve his discretionary claim by raising it at the time of sentencing or in a post-sentence motion. Therefore, Appellant's second issue is waived and frivolous.

Our Rules of Appellate Procedure provide: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003) (citations omitted). "Moreover, a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 469 (Pa. Super. 2017) (citations and emphasis omitted). Finally, this Court will not overlook waiver simply because the trial court substantively addressed the issue in its 1925(a) opinion.[2] *See Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1287-89 (Pa. Super. 2004) (*en banc*).

---

[2] The trial court recognized Appellant's waiver of this issue, but still explained:
*(Footnote Continued Next Page)*

In the present matter, there is no indication in the record that this [c]ourt failed to consider the Appellant's characteristics, or ignored mandatory factors under 42 Pa.C.S. § 9721(b), or in any other way imposed a harsh and excessive sentence, disproportionate to the underlying violations or circumstances. The record reveals the Appellant was convicted of new criminal offenses, thus violating his probation. During[] the revocation hearing, the Appellant stipulated that he was in violation. Accordingly, there were sufficient grounds to revoke his probation. . . .

The Appellant's conduct has repeatedly demonstrated that a term of imprisonment is essential to vindicate the authority of this [c]ourt. The Appellant incurred two arrests breaking the conditions of his special probation sentence. It is evident that while on parole supervision, the Appellant did not reform his behavior. Probation no longer remained rehabilitative and total confinement was authorized in this case.

Possession With Intent to Deliver a Controlled Substance, under 35 P.S. § 780-113(a)(3) and enhanced as a second or subsequent offense is an ungraded felony punishable by incarceration of twenty (20) years. Accordingly, total confinement was available to this [c]ourt at the time of original sentencing and, because the Appellant's violation arose from a new conviction, total confinement was also available upon revocation of probation. Finally, the particular length of confinement of twenty-four (24) [to] forty-eight (48) months was legal and within the statutory limits. In fact, the total amount of time the Appellant would spend incarcerated, which, including previous periods of incarceration, would not surpass the twenty-year maximum sentence.

Additionally, prior to imposition of re-sentence, this [c]ourt had the benefit of a memorandum and recommendation from the Lackawanna County Adult Probation and Parole Department, as well as a pre-sentence investigation relative to the Appellant's new conviction, which was reviewed in its entirety. This [c]ourt considered the Appellant's parole recommitments and supervision history indicated in the PSI. The Appellant incurred at least three prior parole recommitments and failed to comply with past periods

*(Footnote Continued Next Page)*

Appellant did not challenge the discretionary aspects of his sentence at resentencing, *see* N.T., 12/17/19, at 1-6, or in his motion for reconsideration. *See* Motion for Reconsideration of Sentence, 12/26/19, at 1-2. Thus, Appellant's sentencing claim is waived and we agree with Counsel that this issue is wholly frivolous. *See Anders* Brief at 12 ("[T]his issue was not raised in [Appellant's] motion for reconsideration of sentence[.] . . . [C]ounsel for Appellant recognizes that unless there was objection at sentencing or contained in a motion for reconsideration of sentence, issues are considered waived.") (citation omitted).

Finally, our independent review reveals no other non-frivolous issues Appellant could raise on appeal. *See Dempster*, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/25/2021

___

of juvenile supervision, county commitment and state commitment/supervision.

Trial Court Opinion, 12/16/20, at 6-8 (some citations and footnote omitted).

- 9 -