J-S11042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL OWEN JEFFRIES | : | |
| | : | |
| Appellant | : | No. 1616 EDA 2022 |

Appeal from the Judgment of Sentence Entered May 18, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002167-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL JEFFRIES | : | |
| | : | |
| Appellant | : | No. 1618 EDA 2022 |

Appeal from the Judgment of Sentence Entered May 18, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000384-2021

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED MARCH 25, 2024**

Appellant, Daniel Owen Jeffries, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following revocation of his probation.  We vacate and remand for further proceedings.

In its opinion, the trial court set forth some of the relevant facts and procedural history of this case as follows:

On November 1, 2020, Appellant was arrested (No. CP-23-

CR-384-202[1]) [("docket 384-2021")] for violations of the Crimes Code including … simple assault, public drunkenness, disorderly conduct, and harassment arising from a fight that took place at the Sungate Diner in Marcus Hook, Delaware County, Pennsylvania, when he engaged in combative and menacing criminal behavior and assaulted his coworkers and victims, Jason McAndrews, Arbrey Salmons, and Juwan Brooks.

On December 6, 2020[,] Appellant was arrested (No. CP-23-CR-2167-2021) [("docket 2167-2021")] for violations of the Crimes Code including aggravated assault, recklessly endangering another person [("REAP")], and defiant trespass when he entered Cocco's Pizza in Brookhaven, Delaware County, Pennsylvania, at a time when it was closed to the public and he remained in the food prep area after being advised by staff to leave the premises. After Cocco's staff forced him out of the building, Appellant assaulted the investigating officer and resisted arrest.

On March 15, 2021[, at docket 384-2021,] Appellant entered a negotiated guilty plea to simple assault [in exchange for the Commonwealth dismissing the remaining charges]. The court imposed judgment of sentence upon Appellant to a term of 2 years [of] county probation; additionally Appellant specifically agreed and was ordered, *inter alia*, to complete a drug and alcohol evaluation and comply with the recommendations.

On February 14, 2022[,] Appellant entered into a negotiated guilty plea [at docket 2167-2021] to [REAP], resisting arrest, and defiant trespass[, in exchange for the Commonwealth dismissing the remaining charges at this docket]. [The] court imposed judgment of sentence upon Appellant to an aggregate term of 3 years [of] county probation (one year on each count to run consecutively); additionally Appellant specifically agreed and was ordered, *inter alia*, to complete a drug and alcohol evaluation and comply with the recommendations.[1]

_____

[1] The sentencing sheet at each docket specified under the section titled "Requirements/Restrictions" that Appellant must, *inter alia*, comply with the
*(Footnote Continued Next Page)*

(Trial Court Opinion, filed 9/20/22, at 1-3) (internal citations and footnotes omitted).

On March 28, 2022, while on probation for simple assault at docket 384-2021 and for REAP at docket 2167-2021, Probation Officer Debra Lamberto alleged that Appellant had violated the following conditions of his probation: (1) violation of Rule #9—refrain from overt behavior which may endanger oneself or others; specifically, Appellant was accused of pulling a razor and threatening staff at the White Deer Run inpatient treatment center, where he had been residing; Appellant was further accused of choking his roommate; (2) violation of Rule #10A—failure to pay costs; specifically, Appellant had an outstanding balance of costs/fees of $535.00; and (3) violation of Rule #10C—complete special conditions; specifically, as a result of the alleged violation of Rule #9, Appellant had not successfully completed the treatment recommended as a result of his drug and alcohol evaluation.

On April 5, 2022, the court held a ***Gagnon I*** hearing,[2] after which the

_____

rules and regulations governing probation and/or parole and general rules, and undergo a substance abuse and psychological evaluation.

[2] ***Gagnon v. Scarpelli***, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). ***See also Commonwealth v. Ferguson***, 761 A.2d 613 (Pa.Super. 2000) (explaining that when parolee or probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (***Gagnon I*** hearing) of probable cause to believe violation was committed; upon finding of probable cause, second, more comprehensive hearing (***Gagnon II*** hearing) follows before court makes final revocation decision).

court found probable cause to believe Appellant was in violation of his probation for exhibiting threatening and overt behavior, failure to pay costs, and failure to complete court-ordered treatment or other special conditions of his sentence.[3]

The court held a *Gagnon II* hearing on May 18, 2022. At the beginning of the hearing, the Commonwealth asked Officer Lamberto to present the violations and the recommendation. (*See* N.T. *Gagnon II* Hearing, 5/18/22, at 3). Officer Lamberto then stated:[4]

> Good morning Your Honor, Debra Lamberto on behalf of adult probation and parole. Our recommendation Your Honor is as follows: On this case indictment [docket 384-2021,] count one, [Appellant] be found in violation of his probation and his probation be revoked. It is recommended that [Appellant] be resentenced to 12 to 24 months to be served in an SCI prison. Credit from March 26, 2022. On this case, indictment [docket 2167-2021,] count two. [Appellant] be found in violation of his probation and his probation be revoked. It is recommended that [Appellant] be resentenced to 12 to 24 months to be served in a SCI prison, credit from 3/26/22. It should be noted that indictment [docket 2167-2021,] counts three and four [for resisting arrest and defiant trespass, Appellant] is not found in violation of his probation. Adult probation and parole would recommend that the one year probation running consecutively to both counts remain as originally sentenced and should be noted on the sentencing sheet.

(*Id.* at 3-4). Although Officer Lamberto made recommendations, she did not

---

[3] The record does not contain a transcript from the *Gagnon I* hearing, but a document summarizing the *Gagnon I* hearing results is included in the record.

[4] Officer Lamberto was not sworn in on the record before speaking.

specify on the record Appellant's alleged probation violations. (***See id.***)

Appellant's counsel disputed that Appellant had violated the terms of his probation. Specifically, Appellant's counsel stated that no witnesses were at the hearing to support a violation of Rule #9. Appellant's counsel conceded that Appellant had not paid all costs owed, but counsel claimed there was no evidence of a willful failure to pay, such that Appellant could be in violation of Rule #10A. Regarding the alleged Rule #10C violation, Appellant's counsel insisted that Appellant did not complete his treatment because he was administratively discharged from White Deer Run. Appellant's counsel maintained that Appellant had some serious mental health conditions that impacted his behavior at White Deer Run, but counsel stated, "that's about what we can agree to that he was discharged from the program." (***Id.*** at 4-5). Appellant's counsel disagreed with the recommendation to revoke probation and resentence Appellant to a period of incarceration. (***See id.*** at 5-6).

The Commonwealth then referred to a report from White Deer Run detailing the reasons for Appellant's administrative discharge. Counsel for the Commonwealth stated: "He has not been compliant with Deer Run, with White Deer, his treatment there. Not complying with them, using a razor blade, the allegations that they indicate he does…." (***Id.*** at 6). Appellant's counsel objected to the court considering anything that Officer Lamberto had alleged in her written Rule #9 violation concerning the details of Appellant's

administrative discharge from White Deer Run. Appellant's counsel maintained that Appellant did not admit those allegations and claimed that the Commonwealth was required to call a witness to support such allegations. (*Id.* at 7). The Commonwealth explained that it had a treatment summary report from White Deer Run detailing the reasons for Appellant's discharge. At that point, Appellant's counsel objected to the discharge report from White Deer Run as hearsay. (*Id.* at 8). The court did not rule on the objection, and the treatment summary from White Deer Run was not marked or admitted into evidence at the hearing.[5] (*See id.*)

When asked if Appellant wanted to tell the court anything, Appellant stated: "I was only using the razor blade to cut the towels to clean…the place because the place was filthy and it was very overwhelming for me, the rehab." (*Id.*) Appellant further stated: "I'm not an aggressive person, I was only

_____

[5] The treatment summary is contained in the certified record. The summary states, in pertinent part:

> Throughout treatment, [Appellant] was progressing toward recovery and completion of the program but was administratively discharged due to becoming aggressive/assaultive towards his peers. [Appellant] was involved in multiple aggressive interactions with other Clients. It was reported he entered several unauthorized areas including other units and Women's Program. Due to what presented as an altered mental status and risk of safety for Clients and Staff, Probation was contacted and he was administratively discharged from the program.

(White Deer Run/Cove Forge Behavioral Health System Treatment Summary at 1) (undated).

messing with the people, I wasn't acting in an assaultive way in order to cause any injury to anybody. And it was just, that's about all I have to say." (***Id.***)

At the conclusion of the hearing, the court revoked Appellant's probation for simple assault at docket 384-2021 and for REAP at docket 2167-2021, and it resentenced Appellant at each of those counts to concurrent terms of 12 to 24 months' imprisonment.[6] The court did not revoke probation for Appellant's resisting arrest or defiant trespass convictions at docket 2167-2021, as Appellant had not yet been placed on probation for those offenses when he committed the violations at issue. Thus, the court reimposed the original consecutive terms of one year each of probation for those offenses, to commence following Appellant's revocation sentence of imprisonment.

Appellant timely filed post-sentence motions at each docket on May 27, 2022, which the court denied without a hearing on June 2, 2022. On June 16, 2022, Appellant timely filed notices of appeal at each docket, which this Court consolidated. On June 28, 2022, the court ordered Appellant to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on July 11, 2022.

Appellant raises the following issues for our review:

> Whether the evidence introduced at the revocation hearing
> was insufficient as a matter of law to establish a violation of
> probation inasmuch as the Commonwealth failed to
> establish any violation of any specific condition of probation

---

[6] The court did not provide any reasons for its revocation decision on the record at the time of the hearing.

and the trial court relied upon inadmissible hearsay and information not made part of the record?

Whether the trial court imposed an illegal sentence by failing to afford Appellant all of the credit he was due for time served incarcerated?

Whether the trial court imposed an illegal sentence by anticipatorily revoking his probation sentences for resisting arrest and defiant trespass on docket [2167-2021], in violation of *Commonwealth v. Simmons*, 262 A.3d 512 (Pa.Super. 2021)?

Whether the trial court erred and violated the requirements of 42 Pa.C.S. § 9771(c) by sentencing Appellant to total confinement absent him having been convicted of a new crime, absent any indication that he was likely to commit a new crime, and absent a showing that the sentence was "essential to vindicate the authority of the court"?

Whether the trial court erred as a matter of law and violated the discretionary aspect of sentencing when it imposed a manifestly excessive and unreasonable sentence, inasmuch as the trial court did not state adequate grounds for imposing such a sentence, such a sentence lacked sufficient support in the record, was disproportionate to the alleged violations and such sentence failed to give individualized consideration to Appellant's personal history and background, and was in excess of what was necessary to address the gravity of the offense, the protection of the community and Appellant's rehabilitative needs?

(Appellant's Brief at 4-5).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*).  In general, "[r]evocation of a probation sentence is a matter committed to the

sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. Colon**, 102 A.3d 1033, 1041 (Pa.Super. 2014), *appeal denied*, 631 Pa. 710, 109 A.3d 678 (2015).

In his first issue, Appellant argues that the record is devoid of any evidence that Appellant violated the conditions of his probation. Appellant asserts that the court placed no reasons on the record at the revocation hearing for why the court found Appellant in violation of his probation. Appellant maintains that he did not admit to any violation of his probation at the revocation hearing. Appellant emphasizes that the Commonwealth did not admit into evidence at the revocation hearing the **Gagnon II** report authored by Probation Officer Lamberto specifying Appellant's alleged probation violations. Appellant stresses that no one made a record at the hearing of what conditions of probation Appellant allegedly violated, in contravention of Pa.R.Crim.P. 708(B) and 42 Pa.C.S.A. § 9771(b).

Appellant insists that the only alleged violation brought up at the hearing was that Appellant was administratively discharged from a treatment facility. Appellant contends that he objected to admission of the summary from the treatment facility as hearsay, and the summary was never moved into evidence at the hearing. Appellant stresses that hearsay is inadmissible at a **Gagnon II** hearing except for good cause shown. Appellant further claims that an administrative discharge from the treatment facility does not

constitute a violation of his probation in any event, particularly where Appellant's discharge was based on his mental health issues. Appellant suggests that the court improperly revoked his probation based merely on the court's findings that probation had been an ineffective tool of rehabilitation for Appellant.

Appellant also submits that the court's reasoning for revoking probation as set forth in the court's Rule 1925(a) opinion was not expressed on the record at the revocation hearing. Moreover, Appellant claims that the alleged violations discussed in the court's Rule 1925(a) opinion were not specific conditions of Appellant's probation as set forth in the sentencing orders. Appellant concludes the evidence was insufficient to revoke his probation, and this Court must vacate the revocation sentence and remand for imposition of Appellant's original sentence. On this record, we agree with Appellant that relief is due.

Pennsylvania Rule of Criminal Procedure 708 governs violations of probation, in pertinent part, as follows:

> **Rule 708.    Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition**
>
> **(A)**   A written request for revocation shall be filed with the clerk of courts.
>
> **(B)**   Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:

- 10 -

(1)    a hearing held as speedily as possible at which the defendant is present and represented by counsel; and

(2)    a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(A)-(B).   With respect to revocation of probation, Section 9771 of the Sentencing Code provides:

**§ 9771.    Modification or revocation of order of probation**

**(a)    General rule.**—The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety.

**(b)    Revocation.**—The court may increase the conditions, impose a brief sanction under section 9771.1 (relating to court-imposed sanctions for violating probation) or revoke an order of probation upon proof of the violation of specified conditions of the probation.  Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.  The attorney for the Commonwealth may file notice at any time prior to resentencing of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

**(c)    Limitation    on    sentence    of    total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1)    the defendant has been convicted of another crime; or

(2)    the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3)    such a sentence is essential to vindicate the authority of the court.

**(d)    Hearing required.**—There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S.A. § 9771.

Additionally, "[i]n imposing probation, the court shall…specify at the time of sentencing the conditions of probation…[.]" 42 Pa.C.S.A. § 9763(a). Further, "[t]he court shall attach [to its order of probation] reasonable conditions authorized by section 9763 (relating to conditions of probation)[7] as it deems necessary to ensure or assist the defendant in leading a law-

_____

[7] **See** 42 Pa.C.S.A. § 9763(b) (stating court may attach any of following conditions upon defendant as it deems necessary: (1) to meet family responsibilities; (2) to be devoted to specific occupation, employment or education initiative; (3) to participate in public or nonprofit community service program; (4) to undergo individual or family counseling; (5) to undergo available medical or psychiatric treatment or to enter and remain in specified institution, when required for that purpose; (6) to attend education or vocational training; (7) to attend or reside in rehabilitative facility or other intermediate punishment program; (8) to not possess firearm or other dangerous weapon unless granted written permission; (9) to make restitution of fruits of crime in affordable amount and on schedule that defendant can afford to pay; (10) to be subject to intensive supervision while remaining within jurisdiction of court and to notify court or designated person of any change in address or employment; (11) to report as directed to court or designated person and to permit designated person to visit defendant's home; (12) to pay fine; (13) to participate in drug or alcohol screening and treatment programs, including outpatient programs; (14) to do other things reasonably related to rehabilitation).

abiding life." 42 Pa.C.S.A. § 9754(b). "The failure to do so is a violation of this statutory mandate." ***Commonwealth v. Foster***, 654 Pa. 266, 272 n.5, 214 A.3d 1240, 1244 n.5 (2019).

Our Supreme Court has explained:

> We find the language of the pertinent statutory provisions to be clear and unambiguous. The law provides a general condition of probation—that the defendant lead "a law-abiding life," *i.e.*, that the defendant refrain from committing another crime. [42 Pa.C.S.A.] § 9754(b). To insure that general condition is met, or to assist the defendant in meeting that general condition, the order must also include certain "specific conditions" from the list enumerated in section 9754(c). Only upon the violation of any of the "specified conditions" in the probation order (general or specific) may a court revoke the defendant's probation. ***Id.*** § 9771(b). In other words, a court may find a defendant in violation of probation only if the defendant has violated one of the "specific conditions" of probation included in the probation order or has committed a new crime. The plain language of the statute does not allow for any other result.

***Id.*** at 282, 214 A.3d at 1250 (internal footnote omitted).

A probationer's due process rights at a revocation hearing include: (1) written notice of the claimed violation(s); (2) disclosure of the evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinder as to the evidence relied on and reasons for revocation. ***Commonwealth v. Kates***, 452 Pa. 102, 118, 305 A.2d 701, 709 (1973). Once these requirements are met, the court must decide following a

- 13 -

hearing

> whether the parolee or probationer has in fact acted in violation of one or more conditions of his parole or probation. It is this fact that must be demonstrated by evidence containing probative value. Only if it is determined that the parolee or probationer did violate the conditions does the second question arise: should the parolee or probationer be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?

*Commonwealth v. Sims*, 770 A.2d 346, 349 (Pa.Super. 2001) (internal citations and quotation marks omitted). "Unlike a criminal trial where the burden is upon the Commonwealth to establish all of the requisite elements of the offenses charged beyond a reasonable doubt, at a revocation hearing the Commonwealth need only prove a violation of probation by a preponderance of the evidence." *Id.* at 350 (internal quotation marks omitted).

Further, "hearsay is not admissible at a *Gagnon II* hearing absent a finding of good cause for not allowing confrontation." *Commonwealth v. Allshouse*, 969 A.2d 1236, 1241 (Pa.Super. 2009). Likewise, "[r]eliance on documents not admitted into evidence is error." *Id.* (holding court erred in revoking defendant's probation where court relied on documents that were hearsay and not entered into evidence at violation of probation hearing and not contained in certified record; court further erred by relying on statements made by probation officer whose testimony was unsworn at hearing; admission of such evidence was not harmless because absent hearsay,

evidence was not sufficient to show by preponderance of evidence that defendant violated no-contact order; although defendant admitted he failed to pay outstanding court costs, term of probation may not be revoked for failure to pay fines absent certain considerations by revocation court concerning defendant's ability to pay).

Instantly, the trial court explained its rationale for revoking Appellant's probation in its Rule 1925(a) opinion as follows:

> During the May 18, 2022 **Gagnon II** hearing, and before Appellant was found in violation of the conditions of probation and this court imposed judgment of sentence, Appellant 1) volunteered a statement explaining away and playing down his behavior at the inpatient facility and 2) agreed he had been administratively discharged from the facility and owed costs.
>
> \*   \*   \*
>
> Appellant contends the evidence used by the Commonwealth was insufficient "as a matter of law to establish a violation of any specific condition of probation inasmuch as the Commonwealth failed to establish any violation of any specific condition of probation." The evidence of record belies Appellant's allegation.
>
> In the present case, at the May 18, 2022 **Gagnon II** hearing, Agent Debbie Lamberto from Adult Probation and Parole Services in Delaware County alleged Appellant violated conditions of probation that required him to "Refrain from overt behavior which may endanger oneself or others," "Pay all Court Imposed fees, costs, and restitution," and "Complete Special Conditions."[4] During the hearing Appellant acknowledged he had been administratively discharged from the inpatient treatment facility but disagreed with the underlying allegations concerning the reasons for the discharge. Appellant voluntarily stated the conditions of the inpatient facility "resulted in my mental health going overboard…I'm not an

- 15 -

aggressive person, I was only messing with people, I wasn't acting in an assaultive way in order to cause any injury to anybody." The record is clear no one forced Appellant to make these statements, and Appellant freely volunteered them. Additionally, Appellant admitted he failed to pay costs and had an outstanding balance. … This court concluded the evidence of Appellant's own statement at the *Gagnon II* hearing was of sufficient probative value to prove the violations by a preponderance of the evidence. Of importance to note, Appellant's statement he is not an aggressive person stands in stark contrast to his convictions in these cases for assaultive behavior; also this court views Appellant's statement he was "only messing with people" as an acknowledgment he was involved with and engaging in, at a minimum, behavior inconsistent with the standard behavior expected while at the inpatient facility. As a result of Appellant's own voluntary testimony attempting to diminish the seriousness of his behavior, this court was convinced Appellant violated the specific conditions of his probation and proved this by a preponderance of the evidence for the Commonwealth. Appellant's claim lacks merit.

[4] Appellant is alleged to have assaulted and choked his roommate and threatened staff using a razor, and subsequently he was placed in custody and imprisoned in Union County Jail in Lewisburg. While Appellant was in Union County Jail, he is alleged to have assaulted two correctional officers and as a result was transported to George W. Hill Correctional Facility in Delaware County.

\* \* \*

In this case, this court's determination that Appellant violated the conditions of probation was based on Appellant's voluntary statement at the May 18, 2022 *Gagnon II* hearing: his acknowledgment he had been administratively discharged from the inpatient facility; his testimony downplaying his behavior at the inpatient facility, "I'm not an aggressive person, I was only messing with people, I wasn't acting in an assaultive way in order to cause any injury to anybody"; and his acknowledgment he failed to pay costs and had an outstanding balance. During the

hearing, Appellant objected to the Commonwealth reporting the information received from the inpatient facility concerning the underlying factual reasons for the administrative discharge, and importantly, without admitting to the underlying conduct resulting in the discharge, Appellant agreed he had been administratively discharged from the facility and owed costs.

Appellant's argument this court relied on hearsay evidence in making its determination absolutely is untrue. This court did not need to rely on any inadmissible hearsay in concluding Appellant violated probation. Additionally, this court is capable of recognizing, and appropriately discounting, inadmissible hearsay. As a result of Appellant's testimonial evidence, and not hearsay evidence, this court found Appellant himself proved by a preponderance of the evidence the charges he violated conditions of probation. Appellant's claim lacks merit.

(Trial Court Opinion at 8-11) (internal record citations omitted).

On the record before us, we cannot agree with the court's rationale. At the outset, contrary to the court's statement in its opinion, Probation Officer Lamberto did not detail or specify any of the alleged probation violations at the time of the *Gagnon II* hearing. Although she was asked to do so, she testified (unsworn on the record) only as to her recommendations. (*See* N.T. *Gagnon II* Hearing at 3-4). Additionally, the Commonwealth did not admit into evidence at the hearing the *Gagnon II* report authored by Probation Officer Lamberto detailing the alleged violations. Nevertheless, the record demonstrates that Appellant was aware of the alleged violations, as Appellant's counsel discussed the alleged violations and disputed that Appellant was in violation. (*See id.* at 4-6).

In the *Gagnon II* report, Probation Officer Lamberto had alleged that

Appellant was in (1) violation of Rule #9—refrain from overt behavior which may endanger oneself or others, based on accusations against Appellant at the White Deer Run inpatient facility that Appellant had pulled a razor, threatened staff, and choked his roommate; (2) violation of Rule #10A—failure to pay costs, where Appellant had an outstanding balance of costs/fees in the amount of $535.00; and (3) violation of Rule #10C—complete special conditions; specifically, Appellant had not successfully completed the treatment recommended as a result of his drug and alcohol evaluation.

We reiterate that Appellant objected to admission of the treatment summary from White Deer Run. The court did not rule on Appellant's objection at the hearing, and the Commonwealth did not admit the summary into evidence. Further, the Commonwealth did not call any witnesses from White Deer Run to testify about Appellant's behavior at the inpatient facility. In its opinion, the trial court discusses the allegations contained in the White Deer Run treatment summary, but then states that it did not base its revocation decision on any information contained in that summary. Instead, the trial court maintained that it based its revocation decision solely on Appellant's own testimony and acknowledgments/admissions at the hearing.

Appellant stated at the hearing: "I was only using the razor blade to cut the towels to clean…the place because the place was filthy and it was very overwhelming for me, the rehab." (**Id.** at 8). Appellant further stated: "I'm not an aggressive person, I was only messing with the people, I wasn't acting

in an assaultive way in order to cause any injury to anybody. And it was just, that's about all I have to say." (**Id.**) However, removing these statements from the context of the treatment summary from White Deer Run, which we cannot consider, we disagree with the trial court that these statements alone admitted to a violation of a probation (particularly where Appellant's counsel disputed that Appellant was in violation), or evidenced a violation of probation of Rule #9 by a preponderance of the evidence. **See Commonwealth v. Heilman**, 876 A.2d 1021, 1027 (Pa.Super. 2005) (holding revocation hearing did not satisfy requirements of **Gagnon II** where Commonwealth presented no witnesses; only evidence of appellant's probation violation of being terminated from sex offenders' treatment program came from his own sworn testimony, as well as from unsworn statements of ADA and probation officer, neither of whom was present at therapy session from which appellant was expelled; appellant and his attorney indicated that appellant had legitimate explanation for his failure to complete program; revocation court failed to inquire into specific reasons for appellant's discharge; revocation sentence reversed and case remanded for proper **Gagnon II** hearing).

Additionally, regarding any violation of Rule #10A for failure to pay costs, Appellant's counsel maintained that the failure to pay was not willful, and the court did not inquire into Appellant's ability to pay. **See Allshouse, supra**. Moreover, later in its opinion, the court clarified that it did not revoke probation based on Appellant's failure to pay costs. (**See** Trial Court Opinion

at 13) (stating: "Appellant's failure to pay costs is not the reason this court ultimately found Appellant in violation of probation; rather this failure is recognized by this court as a symptom of greater problems, to wit, Appellant's failure to make progress toward rehabilitation and failure to address the underlying reason for his poor performance on probation").

With respect to the Rule #10C violation for failing to complete the special conditions of probation concerning drug and alcohol treatment recommendations, the record makes no mention of the details of any treatment recommendations for Appellant. Instead, the record confirms only that Appellant was residing at White Deer Run inpatient facility and was administratively discharged from the facility. Because the record does not disclose the treatment recommendations that Appellant was required to comply with as a condition of his probation, and the reasons for Appellant's administrative discharge were not introduced at the hearing (as we cannot consider the White Deer Run treatment summary which was not entered into evidence at the hearing), we cannot agree that the record in this case was sufficient to prove Appellant violated this condition of his probation by a preponderance of the evidence.

Under these circumstances, the best resolution of this case is to vacate the revocation sentence and to remand for a new *Gagnon II* hearing where the Commonwealth can develop the record adequately concerning Appellant's alleged violations of probation. *See Heilman, supra*. *See also*

*Commonwealth v. Mullins*, 591 Pa. 341, 918 A.2d 82 (2007) (collecting cases where this Court has remanded for new revocation hearing when probation revocations are vacated due to insufficient evidence of violation; explaining that even where violation of probation hearing record is insufficient to sustain revocation of probation, court that granted probation should not be precluded from determining whether probation remains proper course only because Commonwealth failed to include formalities in record; thus, remand for new hearing, instead of reinstatement of original sentence, is proper remedy in such instances).[8]  Accordingly, we vacate and remand for further proceedings consistent with this memorandum.

Judgment of sentence vacated.  Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  3/25/2024

---

[8] Based on our disposition, we decline to reach Appellant's remaining issues on appeal.