918 A.2d 82

**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Troy MULLINS, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 2005.

Decided March 26, 2007.

342

Hugh J. Burns, Jr., Philadelphia Dist. Attorney's Office, Molly Beth Selzer, for the Com. of PA. appellant.

Peter J. Lesh, Doylestown, for Troy Mullins, appellee.

BEFORE: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN AND BAER, JJ.

344

## OPINION

Justice EAKIN.

The Superior Court reversed the revocation of appellee's probation and vacated his judgment of sentence because it determined the record did not establish a basis for doing so. We reverse and remand for a new violation of probation (VOP) hearing.

On March 6, 2000, appellee pled guilty to possession of a controlled substance with intent to deliver (PWID) before the Honorable Gregory Smith, who sentenced him to 11½ to 23 months imprisonment, followed by three years probation. He was paroled February 28, 2001. On April 6, 2001, appellee was arrested and charged with PWID. On June 5, 2001, he pled guilty to that charge before the Honorable Sheila Woods–Skipper, and was sentenced to one and one-half to three years imprisonment.

On June 24, 2003, appellee appeared before Judge Smith for a VOP hearing. Appellee's probation officer appeared at the hearing, presented Judge Smith with a hearing summary sheet, and adopted the information in the hearing summary sheet as his testimony.[1] The probation officer also testified appellee had been on probation imposed by the Honorable Teresa Sarmina, who had revoked that probation and sentenced appellee to one and one-half to three years imprisonment. The court found appellee directly violated his probation. Appellee testified during the sentencing phase of the hearing, specifically acknowledging he was caught selling drugs while on parole. The court then sentenced appellee to one and one-half to three years imprisonment to run consecutively to the other sentences he was serving.

Appellee appealed, arguing there was insufficient competent evidence to support the revocation of his probation. The Superior Court reversed the probation revocation rather than remanding for a new VOP hearing, and vacated the judgment

1. The trial court stated the summary sheet contained information regarding appellee's March 6, 2000, and June 5, 2001 convictions. Trial Court Opinion, 12/12/03, at 2.

of sentence. It stated the trial court revoked appellee's probation based on the hearing summary sheet even though the hearing summary sheet was not entered into evidence and is not part of the record.[2] *Commonwealth v. Mullins,* No. 2178 EDA 2003, 859 A.2d 833, unpublished memorandum at 2 (Pa.Super. filed July 21, 2004). It also stated there was "[n]o testimony . . . offered regarding [appellee's] actions while on probation, or his failure to abide by the terms of his probation." *Id.* The court concluded there was simply nothing in the record to support the determination that appellee violated his probation terms.

■ The Commonwealth sought allowance of appeal, which we granted to determine whether the Superior Court exceeded its authority in vacating appellee's sentence without remanding for a new VOP hearing. This is a question of law; therefore, our scope of review is plenary, and our standard of review is *de novo. Commonwealth v. Cousin,* 585 Pa. 287, 888 A.2d 710, 714 (2005).

The Commonwealth argues the Superior Court disposed of this case as if it were a challenge to the sufficiency of the evidence for a finding of guilt beyond a reasonable doubt; in such cases, the appropriate remedy "is an arrest of judgment, and not a remand for a new trial, because the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution has been interpreted to forbid a new trial in those circumstances." Commonwealth's Brief, at 9 (citing *Lockhart v. Nelson,* 488 U.S. 33, 39, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988)). The Commonwealth argues, however, that a VOP hearing is not a trial, and "the Double Jeopardy Clause is . . . not implicated when a defendant is lawfully recommitted following a violation of probation or parole." *Id.,* at 10 (citing *Commonwealth v. Pierce,* 497 Pa. 437, 441 A.2d 1218, 1220 (1982); *Commonwealth v. Colding,* 482 Pa. 112, 393 A.2d 404,

2. The Superior Court failed to acknowledge the probation officer adopted the hearing summary sheet as his testimony at the VOP hearing. *See* N.T. VOP Hearing, 6/24/03, at 4. However, we are not reviewing the sufficiency of the record here, but rather the appropriate procedure if insufficiency is found.

407 (1978)). The Commonwealth argues that when proper evidentiary procedures are not followed in a VOP hearing, the appropriate remedy is to vacate the revocation and remand for a new VOP hearing.[3] *Id.,* at 11.

Appellee argues a remand for a new hearing allows the Commonwealth to re-litigate the hearing when it failed to adduce sufficient competent evidence of a direct probation violation in the first instance. He contends there should be no second bite at the proverbial apple. He argues *Commonwealth v. Akridge,* 275 Pa.Super. 513, 419 A.2d 18 (1980), *rev'd,* 492 Pa. 90, 422 A.2d 487 (1980), "is a paradigm of the facts and legal issues arising in the [Commonwealth's] case. . . ." Appellee's Brief, at 10. Although acknowledging *Akridge* involves a speedy trial hearing, while this case involves a VOP hearing, appellee asserts both cases present the same issue—whether the Commonwealth should be afforded multiple opportunities to meet its burden.

■ The Double Jeopardy Clause bars retrial after a defendant's conviction has been overturned because of insufficient evidence. *Burks v. United States,* 437 U.S. 1, 14–15, 18, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *United States v. Leppo,* 634 F.2d 101, 103 (3d Cir.1980); *Commonwealth v. Vogel,* 501 Pa. 314, 461 A.2d 604, 610 (1983).[4] However, the double jeopardy

3. The Commonwealth acknowledges there may be situations where remand is not appropriate, such as where a VOP hearing is not held in a timely manner and the delay prejudices the probationer, Commonwealth's Brief, at 12 (citing *Commonwealth v. Stancil,* 362 Pa.Super. 276, 524 A.2d 505 (1987); *Commonwealth v. McCain,* 320 Pa.Super. 394, 467 A.2d 382 (1983); *Commonwealth v. Smith,* 266 Pa.Super. 234, 403 A.2d 1326 (1979); *Commonwealth v. Young,* 262 Pa.Super. 253, 396 A.2d 741 (1978)), and where the revocation court lacks jurisdiction to revoke parole, *id.* (citing *Commonwealth v. Call,* 249 Pa.Super. 511, 378 A.2d 412 (1977)). None of these are present instantly.

4. This Court has stated the Double Jeopardy Clause in the Pennsylvania Constitution "differs only stylistically from that contained in the Fifth Amendment [of the Federal Constitution]." *Commonwealth v. Hogan,* 482 Pa. 333, 393 A.2d 1133, 1137 (1978) (citations omitted). Further, this Court stated, "there is no basis for suggesting ... the framers of our Constitution intended to provide a greater protection [under our double jeopardy clause] than that afforded under the Fifth Amendment." *Id.,* at 1138.

considerations present in the context of retrial are not present in the situation at hand.

A VOP hearing differs from a trial, as probation and parole are not part of the criminal prosecution; the full panoply of rights due a defendant in a criminal trial does not apply at a VOP hearing. *Commonwealth v. Holder*, 569 Pa. 474, 805 A.2d 499, 503 (2002) (plurality) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). Probation revocation is not a second punishment for the original conviction, but rather is an integral element of the original conditional sentence, and thus does not violate the Double Jeopardy Clause. *Pierce*, at 1220; *see also Colding*, at 408 ("[W]e perceive no double jeopardy prohibition against imposition of a sentence which is more severe than that originally vacated when a[sic] intervening sentence of probation has been violated.").

The primary concern of probation, as well as parole, is the rehabilitation and restoration of the individual to a useful life. *Commonwealth v. Marchesano*, 519 Pa. 1, 544 A.2d 1333, 1336 (1988). It is a suspended sentence of incarceration served upon such lawful terms and conditions as imposed by the sentencing court. *See Commonwealth v. Walton*, 483 Pa. 588, 397 A.2d 1179, 1184–85 (1979). It requires only "a truncated hearing by the sentencing court to determine whether probation remains rehabilitative and continues to deter future antisocial conduct." *Holder*, at 504 (citations omitted). "[T]he purpose of the revocation hearing is simply to establish to the satisfaction of the judge who granted probation that the individual's conduct warrants his continuing as a probationer." *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701, 710 (1973). The controlling consideration at a VOP hearing is "whether the facts presented to the court are probative and reliable and not whether traditional rules of procedure have been strictly observed." *Marchesano*, at 1336 (citations omitted). "Such a hearing takes place without a jury, with a lower burden of proof, and with fewer

due process protections." *Holder,* at 504 (citations omitted); *see also Kates,* at 710.

The Superior Court has consistently remanded for new VOP hearings when probation revocations are vacated due to insufficient evidence. In *Commonwealth v. Sims,* 770 A.2d 346 (Pa.Super.2001), the court reversed the appellant's probation revocation and remanded for a new revocation hearing because the Commonwealth offered no proof the appellant violated probation. *Id.,* at 353. Likewise, in *Commonwealth v. Homoki,* 413 Pa.Super. 490, 605 A.2d 829 (1992), the court reversed the appellant's probation revocation and remanded for a new revocation hearing because proper procedures were not followed in the original revocation proceeding. *Id.,* at 831; *see also Commonwealth v. Maye,* 270 Pa.Super. 406, 411 A.2d 783, 786 (1979) (reversal of probation revocation and remand for new revocation hearing because insufficient competent evidence offered by Commonwealth). *But see Commonwealth v. Griggs,* 314 Pa.Super. 407, 461 A.2d 221, 225 (1983) (reversal of probation revocation and remand with instructions to reinstate original probation order because not enough evidence to justify revocation offered at VOP hearing).

*Akridge* is distinguishable from the matter before us. In *Akridge,* the appellant argued his motion in arrest of judgment should have been granted because he was not brought to trial within 180 days as Pa.R.Crim.P. 1100 required.[5] *Akridge,* 419 A.2d at 19. He alleged extensions of time were granted improperly because the Commonwealth failed to show it exercised due diligence. *Id.* The Superior Court remanded for an evidentiary hearing because the Commonwealth did not present evidence to support its assertions of due diligence. *Id.,* at 21. In a *per curiam* order, this Court reversed the Superior Court's order and directed the appellant be discharged. We stated "such a remand for a 'second bite' of the Commonwealth's evidentiary burden on the 'due diligence' requirement of Rule 1100 is in contradiction to the mandates

5. Rule 1100 has been renumbered as Pa.R.Crim.P. 600.

we set forth in *Commonwealth v. Ehredt,* [485 Pa. 191, 401 A.2d 358 (1979)]." [6] *Akridge,* 422 A.2d at 487.

*Akridge* involves the promptness of bringing a presumptively innocent defendant to trial. The matter at hand involves a conditional part of an already imposed sentence. These matters are clearly different, and thus *Akridge* is not controlling here.[7]

■■■ The potential for a VOP hearing is an integral part of the original conditional sentence, the purpose of which is to establish to the satisfaction of the court that granted probation, that the individual's conduct warrants continuing him as a probationer. *See Kates,* at 710. Even where the VOP hearing record is insufficient to sustain revocation of probation, this purpose should not be frustrated—the court that granted probation should not be precluded from determining whether probation remains the proper course only because the Commonwealth failed to include certain formalities in the record. Probation is given by grace, not by right. To hold the Double Jeopardy Clause is somehow implicated at a VOP hearing would elevate something of grace to the status of constitutional dimension.

The nature of VOP hearings constrains us to hold the Superior Court exceeded its authority in diverting from it's prior precedent and vacating appellee's sentence without remanding for a new VOP hearing. The decision of the Superior Court is reversed, and we remand for a new VOP hearing.

Order reversed. Jurisdiction relinquished.

**6.** In *Ehredt,* this Court reversed the judgment of sentence and discharged the appellant since the Commonwealth did not establish it acted with "due diligence" in commencing his trial under then Rule 1100. *Ehredt,* at 360–61.

**7.** Appellee also relies on *United States v. Matthews,* 240 F.3d 806 (9th Cir.2000); *United States v. Dickler,* 64 F.3d 818 (3d Cir.1995); *United States v. Leonzo,* 50 F.3d 1086 (D.C.Cir.1995); and *United States v. Parker,* 30 F.3d 542 (4th Cir.1994) to support his argument. These cases, like *Akridge,* do not involve VOP hearings. A VOP hearing is a unique process, which gives the court flexibility in sentencing, making these cases inapplicable.

350

Former Justices NIGRO and NEWMAN did not participate in the decision of this case.

Justices CASTILLE and BAER join the opinion.

Chief Justice CAPPY files a concurring opinion in which Justice SAYLOR joins.

Chief Justice CAPPY concurring.

I join the majority's holding that, under these facts, the matter be remanded for a new violation of probation (VOP) hearing.[1] I write separately, however, because I fear that the majority opinion can be misconstrued as enunciating a *per se* rule requiring a remand to the trial court for a new VOP hearing in each instance where the VOP hearing record is insufficient to support revocation of probation. Upon disposition of an appeal, an appellate tribunal has an array of options available. 42 Pa.C.S. § 706. Accordingly, I cannot endorse the articulation of a bright-line rule that restricts those options. *See* e.g., *Commonwealth v. Griggs*, 314 Pa.Super. 407, 461 A.2d 221 (1983)(Superior Court vacated the judgment of sentence of revocation when the finding of participation in criminal activity was not substantiated at the VOP hearing).

Justice SAYLOR joins this concurring opinion.

---

1. Although, as the majority notes, the issue of sufficiency of the evidence is not before us, I nevertheless agree with the majority's intimation that the evidence presented at the VOP hearing was, indeed, sufficient to support revocation.