J-S15007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA      IN THE SUPERIOR COURT OF
        PENNSYLVANIA

         Appellee

         v.

LEVI MARCUS MATHIS

         Appellant         No. 1420 MDA 2014

Appeal from the Judgment of Sentence August 5, 2014
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000317-2008

BEFORE: LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:         **FILED APRIL 13, 2015**

Levi Marcus Mathis appeals from the judgment of sentence, imposed by the Court of Common Pleas of Union County, following the revocation of his probation. Upon review, we affirm.

The trial court set forth the history of this matter as follows:

On August 5, 2009, after [Mathis] entered a guilty plea to the crime of criminal conspiracy to commit robbery, a felony of the first degree, [Mathis] was sentenced to a period of twelve (12) months' incarceration to a maximum of sixty (60) months. That sentence was followed by a period of thirty-six (36) months' probation.

On April 15, 2014, the Commonwealth filed a [m]otion to revoke the probationary aspect of [Mathis'] sentence and a hearing was scheduled for May 7, 2014.

At the hearing the Commonwealth called Jason Lemay, [Mathis'] Parole Agent with the Pennsylvania Board of Probation and Parole. Mr. Lemay testified that [Mathis] was part of his caseload and he was supervising him as part of his duties as a State Probation Officer. Mr. Lemay testified that he is required

to see [Mathis] at least a minimum of once a month. On March 19, 2014, he and another agent went to [Mathis'] house and talked to him. Based on his home inspection he detained [Mathis], and requested the Commonwealth file this [m]otion.

At the revocation hearing held on May 7, 2014, Mr. Lemay testified that on March 19, 2014, when he did he his home visit, [Mathis] was uncooperative and refused to permit the agents entry into his home and also refused to provide a urine sample.

The Court would take judicial [notice] from the record that the conditions governing [Mathis'] conditions of supervision require him to submit a urinalysis and he had expressly consented to this search of his residence.

After Mr. Lemay testified the defense made a motion to dismiss the Commonwealth's [m]otion due to the fact that the State Probation Officer failed to identify [Mathis] in court. The defense did not contest the conduct at issue but limited his argument to the lack of in court identification. With the court's permission, Probation Officer Lemay was recalled and identified [Mathis].

Trial Court Opinion, 10/6/14, at 1-2.

On appeal, Mathis raises two issues. First, "did the trial court commit error in ruling against [Mathis] when the Commonwealth closed its case without identifying [him]?" Second, "did the trial court commit error in permitting the record to be reopened for identification of [Mathis]?" Appellant's Brief, at 4.

Our review is guided by the following principles:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment – a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

***Commonwealth v. Allshouse***, 33 A.3d 31, 37 (Pa. Super. 2011) (citations, quotations, and footnote omitted).

Mathis' first issue on appeal implicates the sufficiency of the evidence to support the revocation of his probation. Our standard of review regarding challenges to the sufficiency of the evidence is well-settled. In reviewing the sufficiency of the evidence, the appellate court must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. ***Commonwealth v. Jones***, 954 A.2d 1194 (Pa. Super. 2008).

Instantly, Mathis argues that the Commonwealth failed to identify him during its case-in-chief, which, he contends, was a prerequisite to finding he violated his probation.[1] Mathis, however, conflates the revocation of his probation with a criminal conviction.

_____

[1] Mathis cites to only one case, ***Commonwealth v. Montgomery***, 861 A.2d 304 (Pa. Super. 2004), for the proposition that the Commonwealth was required to identify him in court. However, Mathis' reliance on ***Montgomery*** is misplaced. There, this Court did not hold that a witness' identification of the defendant is necessary. Rather, we suggested that

*(Footnote Continued Next Page)*

Our Supreme Court has expressly held that, "a [violation of probation ("VOP") hearing] differs from a trial, as probation and parole are not part of the criminal prosecution; the full panoply of rights due to a defendant in a criminal trial does not apply at a VOP hearing." ***Commonwealth v. Mullins***, 918 A.2d 82, 85 (Pa. 2007). The Court went on to explain that "[a VOP hearing] requires only a truncated hearing by the sentencing court to determine whether probation remains rehabilitative and continues to deter future antisocial conduct. Such a hearing takes place without a jury, with a lower burden of proof, and with fewer due process restrictions." ***Id.*** quoting ***Commonwealth v. Holder***, 805 A.2d 499, 504 (Pa. 2002).

Even assuming, *arguendo*, that there was, as Mathis suggests, a due process requirement that he be identified in court, we find that because of the lesser procedural protections afforded at a VOP hearing, such a requirement is not implicated here. In fact, at a VOP hearing, the Commonwealth need only establish by a preponderance of the evidence that a defendant violated his probation. ***See Commonwealth v. Ortega***, 995 A.2d 879, 886 (Pa. Super. 2010).

Here, the Commonwealth presented ample evidence to satisfy this burden, including the testimony of Officer Lemay, Mathis' probation officer. Officer Lemay testified that he was required to see Mathis at least once a

*(Footnote Continued)* ――――――――――

where there is ample other evidence of the defendant's criminal actions, identification becomes even less dispositive. ***Id.*** at 307-08.

- 4 -

month. He further testified that on March 19, 2014, Mathis refused to provide a urine sample and allow the agents to enter his home, both conditions of his probation. The VOP court found this testimony credible, and there is nothing in the record to disturb this credibility determination, nor did Mathis contest these facts. The Commonwealth also proffered testimony that showed Mathis' identity had been previously established when he was criminally convicted and on several other occasions when he appeared in court following his conviction. Furthermore, Judge Sholley had presided over Mathis' guilty plea and sentencing, and thus, was familiar with Mathis at the time of his VOP hearing.

Considering the diminished burden of proof, in conjunction with the lower court's pre-existing familiarity with Mathis, we conclude that in-court identification was not critical to determining whether Mathis violated his probation. **Mullins**, **supra**. As such, we find that there was sufficient evidence to support the revocation sentence imposed by the court.

In his second issue, Mathis argues the trial court erred in reopening the record to permit his identification. It is well settled in Pennsylvania that a trial court has the discretion to reopen a case for either side, before the entry of a final judgment, in order to prevent a failure or miscarriage of justice. **Commonwealth v. Baldwin**, 58 A.3d 754 (Pa. 2012), citing **Commonwealth v. Tharp**, 575 A.2d 557, 558-59 (Pa. 1990). Mathis contends that this long-standing principle does not apply to the instant matter because "[t]he case was not midstream, this was not a motion for

judgment of acquittal after the prosecution rested. Here, the parties were in closing argument. The case was, for all intents and purposes, over." Appellant's Brief, at 9. We are not persuaded by this argument.

In *Tharp*, the trial court reopened the case, after the Commonwealth closed its case, to permit the admission of immediately available evidence directly related to the issue raised. Here, the fact that the parties had moved to closing arguments does not, as Mathis contends, suggest that the court lacked discretion to reopen the case. Our precedent is clear, a trial court may, at any time *prior to the entry of final judgment*, reopen the case. *Baldwin, supra* (emphasis added). Accordingly, this issue is moot, especially in light of our preceding analysis.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2015