**[J-6-2019] [MO:Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 21 EAP 2018 |
| | : | |
| Appellee | : | Appeal from the Judgment of Superior |
| | : | Court entered on January 3, 2018 at |
| | : | No. 3572 EDA 2016 affirming the |
| v. | : | Judgment of Sentence entered on |
| | : | October 27, 2016 in the Court of |
| | : | Common Pleas, Philadelphia County, |
| DARNELL FOSTER, | : | Criminal Division at No. CP-51-CR- |
| | : | 0005272-2015. |
| Appellant | : | |
| | : | ARGUED:  March 5, 2019 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED:  August 20, 2019**

I agree with the majority's comprehensive analysis of the Sentencing Code, and therefore join its central holding that "a court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions' of probation included in the probation order or has committed a new crime."  Majority Opinion at 15.  My views also align significantly with those of Justice Todd, in that I agree appellant's postings "demonstrate an utter disdain for the criminal justice system and flout the authority of the trial judge."  Concurring Opinion at 1.  Fortunately, as Justice Todd astutely points out, the General Assembly has not left trial judges completely defenseless against the type of offensive and unpredictable behavior that occurred here.  Judges have at their disposal the statutory mechanisms provided by 42 Pa.C.S. §§9771(a) and 9754(c)(13) to alter the conditions of probation as needed.

Despite my substantial agreement with the above, I nevertheless disagree with the majority's conclusion that our decision in *Commonwealth v. Mullins*, 918 A.2d 82 (Pa. 2007), does not mandate a remand for a new VOP hearing. In that case, we held "the Superior Court exceeded its authority in diverting from [its] prior precedent and vacating appellee's sentence without remanding for a new VOP hearing." *Id.* at 86. The precedent to which we referred demonstrated "[t]he Superior Court has consistently remanded for new VOP hearings when probation revocations are vacated **due to insufficient evidence**." *Id.* at 85 (emphasis added), *citing, e.g.*, *Commonwealth v. Sims*, 770 A.2d 346 (Pa. Super. 2001), *Commonwealth v. Homoki*, 605 A.2d 829 (Pa. Super. 1992), and *Commonwealth v. Maye*, 411 A.2d 783 (Pa. Super. 1979). Our holding in *Mullins*, and the cases we relied upon in reaching it, commands that we do the same here. In my respectful view, the majority inappropriately relies on the concurring opinion in *Mullins*, which was joined by only one other Justice, to limit the *Mullins* Court's holding to those cases involving "a procedural anomaly or the disregard of an evidentiary formality." Majority Opinion at 20.[1]

Even if the holding in *Mullins* were as limited as the majority asserts, a remand would still be warranted here. First, a procedural anomaly or disregard of an evidentiary formality apparently did occur: as the majority acknowledges, "no order of probation appears in the certified record on appeal." *Id.* at 4. It is simply unfathomable for this

_____

[1] The majority denies that it relies on the concurring opinion in *Mullins* to reach its result, asserting instead that it distinguishes *Mullins* on its facts. *See* Majority Opinion at 20 n.16. The two-Justice concurring opinion in *Mullins* expressly denounced a "*per se* rule requiring a remand to the trial court for a new VOP hearing in each instance where the VOP hearing record is insufficient to support revocation of probation." *Mullins*, 918 A.2d at 87. Tellingly, however, the majority of the Court apparently did not share that position and, hence, did not join the concurring opinion. It is thus clear the *Mullins* Court had every intention of adopting the bright-line rule opposed by the concurring Justices, and the majority's claim here that it merely "distinguishes *Mullins* on its facts" does not withstand even minimal scrutiny.

Court to determine that no conditions of probation have been violated when it has no idea what those conditions are. It is worse still for the Court to do so when it admits the trial court never made any factual findings because it was under the mistaken belief that it could revoke probation on the generalized basis that probation had proven to be an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct. *See id.* at 4-6. This belief by the trial court, which the majority appropriately dispels today, was previously enshrined in Superior Court precedent, *see Commonwealth v. Ortega*, 995 A.2d 879 (Pa. Super. 2010), and emanated directly from language in our opinion in *Commonwealth v. Infante*, 888 A.2d 783 (Pa. 2005). I would not fault the trial judge for resolving the VOP matter based on now-disapproved precedent which, at the time, was binding and provided a sufficient basis for revocation. There was, quite simply, previously no need for the trial court to make additional findings that appellant also violated a specific condition of probation or committed a new crime.

Finally, at the very least, I would accommodate the Commonwealth's modest request for a remand for the limited purpose of allowing the trial judge the opportunity to make its findings under the proper legal standards as clarified by the majority's opinion. Notably, I believe the existing record arguably supports revocation. To highlight just one example, the Commonwealth at the VOP hearing argued there was sufficient evidence that appellant committed a new crime because one of the pictures allegedly depicted a bag of marijuana in his hand. *See* N.T. 10/27/2016 at 19 (asking the trial court to compare appellant's hand to "the hand in the picture holding the huge bag of weed to know whose hand that is"). In my view, if the trial court believed it was appellant's hand depicted in the picture, that would be strong evidence establishing the commission of a crime. At a minimum, such a finding would render appellant's position — *i.e.*, that any photograph depicting contraband was taken from the internet — incredible. That, in turn, could

support an inference that all of the contraband, including a firearm depicted in another one of the pictures, actually belonged to appellant.

Of course, as explained above, it never became necessary for the trial court to make this (or any other) factual determination, because it wrongly believed revocation was warranted on other, broader grounds. I see no harm in remanding for the trial court to apply the correct legal standard, particularly when the record demonstrates revocation might have been proper on another basis. Thus, to the extent the majority denies the opportunity on remand for further development in that regard, I respectfully dissent.

Justice Mundy joins this concurring and dissenting opinion.