J-S20010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
                                         :
           v.                       :
                                         :
                                         :
SAMMY WILLIAM RODRIGUEZ       :
                                         :
           Appellant            :      No. 1361 MDA 2024

Appeal from the Judgment of Sentence Entered August 20, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004956-2023

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:          **FILED: APRIL 9, 2026**

Appellant, Sammy William Rodriguez, appeals from the judgment of sentence entered on August 20, 2024. We vacate Appellant's judgment of sentence and remand for resentencing.

On March 25, 2024, Appellant pleaded guilty to driving under the influence of alcohol and driving with a suspended license.[1] That day, the trial court sentenced Appellant to serve the negotiated, aggregate term of five years of probation. As the trial court explained:

> On July 17, 2024, [Appellant's] probation officer filed a petition to issue capias and bench warrant. Paragraph 3L of the petition alleged that [Appellant] was in violation of condition 2 of the house arrest rules because [Appellant] was found to be in possession of alcoholic beverages on July 3, 2024. Paragraphs 3B through 3K of the Petition alleged that [Appellant] violated the house arrest rules because

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 1543(b)(1)(i), respectively.

[Appellant] left his residence and failed to provide verification to Lancaster County Adult Probation and Parole Services for the reason of his leave. The dates for each infraction began on July 3, 2024, and continued through July 6, 2024, and then again from July 8, 2024, through July 13, 2024. Paragraph 3A of the petition alleged that [Appellant] was in violation of the house arrest rules because he failed to report to Lancaster County Adult Probation and Parole Services for his appointment on July 15, 2024 as directed.

On August 20, 2024, [Appellant] appeared with counsel for his probation violation hearing. During the hearing, [Appellant] admitted to the violations. [Appellant's] probation officer, Brian Caldwell, testified about his interaction with [Appellant]. Mr. Caldwell described the incident on July 3, 2024, during which he and his field officer partner conducted a home visit at [Appellant's] residence. They observed [Appellant] walking to his home with a case of alcohol or beer. Alcohol is not permitted while on house arrest. Mr. Caldwell testified that he and his partner toured the home with [Appellant] and eventually came to his bedroom but had yet to observe any alcohol. Mr. Caldwell testified that he confronted [Appellant] about the alcohol but [Appellant] claimed he obtained the alcohol for someone else and that he did not know alcohol could not be in the house when the alcohol was not for him.

Mr. Caldwell further testified that he told [Appellant] that the alcohol had to be removed and [Appellant] said it was in his cousin's room. Mr. Caldwell and his partner followed [Appellant] to a bathroom where the beer was placed in the vanity in the bathroom. [Appellant] then said this is where his cousin told him to put it. After being told that this excuse was not going to be believed, [Appellant] admitted that the alcohol was for himself but explained he was struggling with depression and the difficulties of being on house arrest. Mr. Caldwell also testified that after taking the beer, he spoke to [Appellant] about reporting and bringing in verifications for work, which had been explained to him during orientation.

During the hearing, [Appellant] was asked by the court for his explanation for leaving his house. [Appellant] answered saying he was "sitting on the porch with my leg inside the door thinking that I could get some fresh air, and,

unfortunately, that wasn't the case." When the court asked Mr. Caldwell about [Appellant's] excuse, Mr. Caldwell responded that he did not know whether [Appellant] was actually putting his leg in the door or not but on those occasions when [Appellant] was out of the house supposedly working, the times [Appellant] provided for work hours did not match up with what was shown with the electronic monitoring.

[Appellant] was given the opportunity to respond to Mr. Caldwell's statement about the working hours. [Appellant] explained that his landlord was his employer but the hours were irregular, the job was not typical, he was going through a lot and he just got confused. The court found [Appellant's] explanations to be not credible. The court noted that there were ten infractions for leaving without permission, one failing to report and one for being in possession of alcoholic beverages.

Trial Court Opinion, 10/30/24, at 2-4 (citations omitted).

On August 20, 2024, the trial court found Appellant in technical violation of his probation, revoked Appellant's probation, and resentenced Appellant to serve four to 23 months in prison, followed by three years of probation, for the underlying convictions. *See* N.T. Hearing, 8/20/24, at 14. Appellant filed a timely notice of appeal. He raises one claim on appeal:

Was a sentence of [four to 23 months in prison,] plus a consecutive [three] years of probation imposed by the [trial court] following the revocation of [Appellant's] probation illegal as the [trial court] imposed a term of imprisonment greater than the maximum allowable term of 14 days pursuant to 42 Pa.C.S.A. § 9771(c)(2)(i) for a first technical violation of probation?

Appellant's Brief at 4.

As this Court recently explained:

"The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an

- 3 -

order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding . . . that a person presents an identifiable threat to public safety." [42 Pa.C.S.A.] § 9771(a). Upon proof at a hearing of the violation of specified conditions of probation, the court is authorized to increase the conditions, sanction the probationer pursuant to a court-established program, or revoke an order of probation. **Id.** § 9771(b), (d).

"Revocation and resentencing are warranted if, in the face of a new criminal act or the violation of a condition of probation, the court finds that probation is no longer achieving its desired aims of rehabilitation and deterring criminal activity." ***Commonwealth v. Foster***, 214 A.3d 1240, 1251 (Pa. 2019). Probation revocation is "an integral element of the original conditional sentence." ***Commonwealth v. Mullins***, 918 A.2d 82, 85 (Pa. 2007). If evidence establishes that the probationer has violated the conditions of probation, the trial court must make a finding on the record that a violation occurred and then proceed to resentence the petitioner. **See** 42 Pa.C.S. §§ 9754(d), 9771(d). The court may only revoke a defendant's probation for a technical violation, however, if the preponderance of the evidence establishes that the defendant violated a specific condition of probation or committed a new crime. ***Foster***, 214 A.3d at 1243; ***see also*** 42 Pa.C.S. § 9771(b).

. . .

Act 44, which amended multiple Sentencing Code provisions pertaining to probation, took effect on June 11, 2024. **See** Act of Dec. 14, 2023, P.L. 381, No. 44, § 9. Among other changes, Act 44 modifies the trial court's resentencing authority following a revocation of probation. Prior to Act 44, section 9771(b) allowed the trial court, upon revocation, to "choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration." ***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014) (citations omitted). Section 9771(b) was implicitly limited by 9771(c), which prohibited a trial court from imposing a resentence of total confinement unless the trial court found that the defendant was convicted of another crime, his conduct indicated he would likely commit another

crime unless confined, or total confinement was "essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c) (effective Dec. 18, 2019 to June 10, 2024). So long as one of the three prerequisites for revocation was met, however, the trial court had discretion to choose the length of total confinement, with its only limitation being "the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Colon*, 102 A.3d 1044 (citations omitted).

Act 44 amended subsection (b), making subsection (c)'s limitation upon the court's sentencing authority express by adding the following bolded language:

> **Subject to the limitations of subsections (b.1) and (c)**, upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. The attorney for the Commonwealth may file notice at any time prior to resentencing of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

42 Pa.C.S. § 9771(b).

*Commonwealth v. Seals*, ___ A.3d ___, 2026 PA Super 29 (Pa. Super. 2026) (*en banc*) at **12-15 (footnotes omitted) (emphasis in original).

As the *Seals* panel further explained, "Act 44 substantially limited the court's resentencing authority under [Section 9771(c)]." *Id.* at *15. Section 9771(c) declares:

> **(c) Limitation on sentence of total confinement**.--There is a presumption against total confinement for technical violations of probation. The following shall apply:
>
> > (1) The court may impose a sentence of total confinement upon revocation only if:
> >
> > > (i) the defendant has been convicted of another crime;

(ii) the court finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and the defendant cannot be safely diverted from total confinement through less restrictive means; or

(iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:

(A) The technical violation was sexual in nature.

(B) The technical violation involved assaultive behavior or included a credible threat to cause bodily injury to another, including acts committed against a family or household member.

(C) The technical violation involved possession or control of a firearm or dangerous weapon.

(D) The technical violation involved the manufacture, sale, delivery or possession with the intent to manufacture, sell or deliver, a controlled substance or other drug regulated under . . . [t]he Controlled Substance, Drug, Device and Cosmetic Act.

(E) The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.

(2) If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or

more technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant shall be sentenced as follows:

(i) For a first technical violation, a maximum period of 14 days.

(ii) For a second technical violation, a maximum period of 30 days.

(iii) For a third or subsequent technical violation, the court may impose any sentencing alternatives available at the time of initial sentencing.

(iv) The time limitations contained in this paragraph shall not apply to the extent that a reasonable term of additional total confinement, not to exceed 30 days, is necessary to allow a defendant to either be evaluated for or to participate in:

(A) a court-ordered drug, alcohol or mental health treatment program; or

(B) a problem-solving court provided for in section 916 (relating to problem-solving courts).

(3) Nothing in this section shall prevent the adoption of a program under section 9771.1.

42 Pa.C.S.A. § 9771(c) (effective June 11, 2024 to October 19, 2025).

"Thus, through the enactment of Act 44, section 9771(c) prohibits the court from imposing a sentence of total confinement for a technical violation of probation, subject to delineated exceptions, and imposes specific, relatively short maximum sentences for a period of confinement imposed for a first or second technical violation." *Seals*, 2026 PA Super 29, at *17.

The amendments to the Sentencing Code, contained in Act 44, took effect on June 11, 2024. *See* Act of Dec. 14, 2023, P.L. 381, No. 44, § 9

(declaring that Act 44 "shall take effect in 180 days"); **Seals**, 2026 PA Super 29, at *13 ("Act 44, which amended multiple Sentencing Code provisions pertaining to probation, took effect on June 11, 2024").  As Appellant was resentenced on August 20, 2024, the provisions of Act 44 apply to Appellant's resentencing.  **See** Act of Dec. 14, 2023, P.L. 381, No. 44, § 5 ("[t]his act shall apply to individuals sentenced or resentenced on or after the effective date of this section" and, "[e]xcept for the addition of 42 Pa.C.S.A. § 9774.1, this act shall apply to individuals sentenced or resentenced prior to the effective date of this section"); **see also Seals**, 2026 PA Super 29 at *48 ("[a]t the General Assembly's directive, Act 44's amendments codified at 42 Pa.C.S.A. § 9771(c) apply to Seals because he was resentenced after the effective date of Act 44").

On appeal, Appellant claims that his sentence is illegal, as his sentence exceeds the statutory maximum term contained in Section 9771(c)(2) for a first, technical violation of probation.  **See** Appellant's Brief at 9; **see also Seals**, 2026 PA Super 29 at *29 ("Section 9771(c)(2) specifically delineates the maximum allowable sentence of total confinement for a first and second technical violation.  Any sentence imposed in excess of the statutory maximum is unquestionably illegal") (citations omitted).

"A claim that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is de novo." **Commonwealth v. Whalley**, 326 A.3d 948, 950 (Pa. Super. 2024) (quotation marks and citations omitted).  "If no statutory

authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Id.* (quotation marks and citations omitted). "Moreover, challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." *Id.* (quotation marks and citations omitted).

As explained above, on March 25, 2024, the trial court sentenced Appellant to serve five years of probation. On July 17, 2024, Appellant's probation officer filed a petition to issue capias and bench warrant, alleging that, from July 3, 2024 through July 15, 2024, Appellant committed numerous, technical violations of the terms and conditions of his probation. Following the August 20, 2024 violation of probation hearing, the trial court concluded that Appellant committed 12 separate violations of the terms and conditions of his probation. Specifically, the trial court concluded that Appellant committed "ten infractions for leaving without permission, one failing to report and one for being in possession of alcoholic beverages." *See* Trial Court Opinion, 10/30/24, at 4; N.T. Hearing, 8/20/24, at 10-11. The trial court then revoked Appellant's probation. *See* Trial Court Opinion, 10/30/24, at 1; *see also* 42 Pa.C.S.A. § 9771(b) ("[t]he court may . . . revoke an order of probation upon proof of the violation of specified conditions of the probation").

At resentencing, the trial court recognized Section 9771(c)'s "presumption against total confinement for technical violations of probation." *See* 42 Pa.C.S.A. § 9771(c) ("[t]here is a presumption against total

- 9 -

confinement for technical violations of probation"); *see also* Trial Court Opinion, 10/30/24, at 7. Nevertheless, the trial court concluded that total confinement was necessary in this case because "[t]he technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means." *See* 42 Pa.C.S.A. § 9771(c)(1)(iii)(F); *see also* Trial Court Opinion, 10/30/24, at 7.

The trial court then looked to Section 9771(c)(2), which declares, in relevant part:

> (2) If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant shall be sentenced as follows:
>
> > (i) For a first technical violation, a maximum period of 14 days.
> >
> > (ii) For a second technical violation, a maximum period of 30 days.
> >
> > (iii) For a third or subsequent technical violation, the court may impose any sentencing alternatives available at the time of initial sentencing.

42 Pa.C.S.A. § 9771(c)(2).

Although the trial court recognized that this was Appellant's first violation of probation hearing – and, thus, the first time Appellant could have been found in violation of his probation – the trial court rejected Appellant's

claim that this constituted a "first technical violation" under Section 9771(c)(2), with a 14-day statutory maximum term of incarceration. Rather, the trial court reasoned, Appellant committed 12 separate technical violations of the terms and conditions of his probation. Therefore, the trial court concluded that Appellant was subject to the sentencing provision contained in Section 9771(c)(2)(iii), which allows the trial court to "impose any sentencing alternatives available at the time of initial sentencing" for "a third or subsequent technical violation." **See** 42 Pa.C.S.A. § 9771(c)(2)(iii). The trial court thus resentenced Appellant to serve four to 23 months in prison, followed by three years of probation, for his underlying convictions. **See** N.T. Hearing, 8/20/24, at 14.

On appeal, Appellant does not claim that the trial court erred in revoking his probation or in sentencing him to total confinement. Further, Appellant does not challenge the trial court's determination that, from July 3, 2024 through July 15, 2024, he committed 12 separate technical violations of the terms and conditions of his probation. Rather, Appellant claims that the trial court erred when it sentenced him in excess of the 14-day statutory maximum term under Section 9771(c)(2)(i), as this was the first time he was found in violation of the terms and conditions of his probation and, therefore, his collection of technical violations must constitute "a first technical violation" under the statute. In accordance with our recent opinion in **Commonwealth v. Goodwin**, ___ A.3d ___, 2026 PA Super 54 (Pa. Super. 2026), we agree with Appellant and conclude that his sentence is illegal.

In **_Goodwin_**, Goodwin committed three separate violations of the terms and conditions of his probation and, after Act 44 became effective, the trial court revoked Goodwin's probation and resentenced him to serve one to two years in prison for his underlying convictions. **_See id._** at *4. Goodwin then filed an appeal to this Court, where he claimed that this must constitute his "first technical violation" of probation under Section 9771(c) and that his sentence was illegal, as it exceeded the 14-day statutory maximum sentence set by Section 9771(c)(2)(i). Specifically, Goodwin argued, "all his technical violations must be regarded as a single technical violation under Section 9771(c), and the [trial] court [erred] by imposing a one-to-two year sentence for 'a third or subsequent technical violation.'" **_Id._** at *12. We agreed with Goodwin and explained:

> Applying the relevant principles of statutory interpretation, we readily determine Section 9771(c)(2) demonstrates a recidivist philosophy and the intent of the legislature to curtail long terms of imprisonment based on the conclusion that, on balance, terms of imprisonment for technical probation violations cause undue expense without enhancing the protection of the public. Recidivist provisions require a violator be given the opportunity to reform his conduct before receiving a more severe sentence for repeated violations. As the Supreme Court explained in discussing a different recidivist sentencing provision, "the point of sentencing enhancement is to punish more severely offenders who have persevered in criminal activity **despite the theoretical beneficial effects of penal discipline**." **_Commonwealth v. Shiffler_**, 879 A.2d 185, 195 (Pa. 2005) (citation omitted, original emphasis). As the Court further explained, "[a]ny other conception would ignore the rationale underlying the recidivist philosophy, _i.e._, that the most culpable defendant is one who, after being reproved, still hardeneth his neck." **_Id._** (citations and internal quotation marks omitted).

- 12 -

> Because the legislature clearly intended the statue at issue to reflect a recidivist philosophy, we agree with Goodwin it would be an absurd and unintended result to allow the VOP court in effect to give Goodwin three separate maximum sentences at the same, first hearing on his multiple, technical probation violations.  While we agree with the trial court's holding that Goodwin's technical violations were flagrant and significant in nature - and if presented to the trial court on an individual basis each would undoubtedly have constituted an independent technical violation allowing for graduated punishment under the latest statutory scheme - the new statutory scheme leaves no alternative but to conclude the trial court erred in imposing a one-to-two-year term of imprisonment at the hearing for Goodwin's three technical violations because those violations were presented to the court collectively rather than individually.  ***See also Seals***, 2026 PA Super 29 at 16-17, 29 (declaring Section 9771(c)(2) specifically delineates the maximum sentence for first and second technical violations – a maximum of fourteen days for a first violation and thirty days for a second violation – and any sentence in excess of those maximums is illegal).

***Goodwin***, 2026 PA Super 54, at \*\*18-19 (footnotes omitted) (emphasis in original).

Pursuant to ***Goodwin***, we conclude in the case at bar that "the trial court erred in finding each of [Appellant's 12] technical violations constituted separate sentencing enhancements and imposing a sentence of [four to 23 months in prison, followed by three years of probation] without affording [Appellant] the opportunity to conform his conduct to law after a first (or second) lesser sentence for a technical violation." ***See id.*** at 20.  We thus vacate Appellant's sentence and remand for resentencing consistent with Section 9771(c).

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/09/2026