J-A08041-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAONNA TAREL JOHNSON | : | |
| | : | |
| Appellant | : | No. 2007 EDA 2025 |

Appeal from the Judgment of Sentence Entered July 2, 2025
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000294-2022

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED MAY 27, 2026**

Daonna Tarel Johnson appeals from the judgment of sentence imposed after the court found she violated conditions of her county parole. Johnson asserts the trial court erred in finding she violated her parole because the court relied upon inadmissible hearsay. After careful review, we are constrained to vacate the judgment of sentence and remand for a new revocation hearing.

Johnson was charged with driving under the influence of a controlled substance ("DUI")[1] and related charges after police stopped her vehicle on August 21, 2021. The Commonwealth later agreed to amend the charge of DUI to a lesser subsection and withdrew all other charges in exchange for her

_____

[1] 75 Pa.C.S.A. §§ 3802(d)(2).

guilty plea to DUI, general impairment, as a third offense.[2] The trial court sentenced Johnson to 10 days to 24 months of incarceration in the Monroe County Correctional Facility. Thereafter, Johnson sought to have her parole transferred to North Carolina. The court granted this request on April 28, 2023. North Carolina accepted the transfer on May 10, 2023.

On April 1, 2025, the Commonwealth sought to revoke Johnson's parole and filed a petition noting Johnson violated multiple conditions of her parole. The court held a hearing on May 15, 2025. At that hearing, the court was appropriately concerned about the Commonwealth's request to admit reports received through the Interstate Compact Offender Tracking System ("ICOTS"). The court continued the hearing and ordered the parties to submit briefs addressing the admissibility of reports under the Interstate Compact.

On July 2, 2025, the court reconvened the hearing. The court began by noting its belief that the reports could be admitted under the exception to the hearsay rule of records of a regularly conducted activity, often called the business record exception, if the Commonwealth met the requirements of the exception. The Commonwealth called two Monroe County Probation/Parole officers to testify regarding Johnson's transfer of parole to North Carolina and their receipt of the ICOTS reports. The court found the reports admissible over Johnson's hearsay objection.

---

[2] 75 Pa.C.S.A. §§ 3802(a)(1).

Officer Alyscia Hill described receiving progress reports from North Carolina regarding Johnson. All reports were submitted and received through ICOTS. Officer Hill testified that the reports were created and maintained in the regular course of business. To log into the system, a two-factor authentication was required. Officer Hill explained that the reports were generated by the parole officer overseeing the offender (here, Johnson), then sent to their supervisor who then uploaded them to ICOTS where Officer Hill was able to download them. After receiving numerous reports of Johnson's violations, Officer Hill wisely decided to submit a petition of violation seeking to revoke Johnson's parole. Officer Hill then detailed the serious violations, including failing to report for scheduled office visits multiple times, receiving new criminal charges in North Carolina, leaving North Carolina without permission, testing positive for THC and methamphetamine, attempting to falsify her drug tests, and failing to complete both drug and alcohol treatment and the alcohol highway safety classes. Officer Hill testified that all reports were made at or near in time to the violations they detailed.

Officer Jennifer Dalton testified that, when uploading documents or entering any information into ICOTS, you must check a box certifying that the information is true and correct to the best of your knowledge. Officer Dalton further confirmed that the records in Commonwealth's exhibit 1 were kept in the normal course of probation and parole's functions and operations.

At the conclusion of the hearing, the court found Johnson in violation, removed her street time, and sentenced her to be incarcerated at the Monroe County Correctional Facility for the balance of her term, specifically, until December 28, 2025.

Johnson filed a timely notice of appeal and complied with the court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). The court authored its Rule 1925(a) opinion on September 11, 2025.

Johnson raises one question for our review:

Whether the VOP [c]ourt erred when it found [Johnson] in violation of her parole based entirely upon hearsay not falling within any exception and admitted without first showing good cause?

Appellant's Brief, at 4.

Johnson argues the trial court erred in admitting the ICOTS reports into evidence as they were hearsay without an exception and the court did not find good cause for allowing the reports to be admitted. *See* Appellant's Brief, at 20, 26, 30-32. Johnson further asserts that the admission of the reports violated her right of confrontation. *See id.* at 17. According to Johnson, the only evidence of her violations were the erroneously admitted reports, therefore the court erred in finding her in violation of her parole. *See id.* at 35-36.

We begin with our standard of review regarding the admission of evidence:

> The admissibility or exclusion of evidence [is] subject to the abuse-of-discretion standard of review. The party challenging the trial court's evidentiary ruling carries a heavy burden in establishing that the trial court abused its discretion. The trial court abuses its discretion only if it misapplies the law, or its exercise of judgment is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Nabried*, 327 A.3d 315, 321 (Pa. Super. 2024) (quotation marks and citations omitted).

The following standards regarding hearsay and its admission at revocation proceedings are well-established.

> Hearsay is a statement: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Hearsay is inadmissible unless it falls within one of the exceptions set forth at Pennsylvania Rule of Evidence 803.

> One such exception is the business records exception, which provides:

>> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

>> …

>> **(6) Records of a Regularly Conducted Activity.** A record (which includes a memorandum, report, or data compilation in any form) of any act, event or condition if:

>>> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

>>> (B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession,

- 5 -

occupation, and calling of every kind, whether or not conducted for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of the information or other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6).

Similarly, the Uniform Business Records as Evidence Act provides, in pertinent part, that

A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

42 Pa.C.S.A. § 6108(b).

… To satisfy the business record exception the testifying witness need not be the custodian of the record or have personal knowledge of the facts reported in the business record. Instead, as long as the authenticating witness can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness of the business records of a company, a sufficient basis is provided to offset the hearsay character of the evidence.

***Nabried***, 327 A.3d at 321-22 (quotation marks, brackets, and some citations omitted).

> At a parole revocation hearing, a parolee is entitled to:
>
> (a) written notice of the claimed violations of probation or parole; (b) disclosure to the probationer or parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and the reasons for revoking probation or parole.
>
> … Lastly, hearsay is not admissible at a [revocation hearing] absent a finding of good cause for not allowing confrontation.

***Commonwealth v. Allshouse***, 969 A.2d 1236, 1240-41 (Pa. Super. 2009) (quotation marks, brackets, and citations omitted).

In 2014, this Court observed that "good cause in this context (probation and parole revocation hearings), has not been legislatively defined and the scant case law on the subject reflects an individual determination based on the facts of each case." ***Commonwealth v. Colon***, 102 A.3d 1033, 1040 (Pa. Super. 2014) (internal quotation marks, brackets, and citation omitted). This Court then turned to the Commonwealth Court for guidance on defining "good cause." ***See id.*** In doing so, this Court endorsed the Commonwealth Court's view that "good cause to admit hearsay when the declarant is unavailable may be based upon a finding of some intrinsic indicia of reliability and corroboration by other evidence of record." ***Id.*** (internal quotation marks, brackets, and

citation omitted). As such, the Commonwealth was required to establish both "indicia of reliability" and "corroboration by other evidence of record" for the North Carolina reports to be admissible.

In **Nabried**, a police officer was permitted to authenticate cell phone records obtained from AT&T. **See Nabried**, 327 A.3d at 322. The officer was a qualified person with knowledge even though he was neither the custodian of the records nor worked for AT&T. **See id.** The same applies here.

Officer Hill and Officer Dalton testified to their personal knowledge of how ICOTS operates and what must be done to upload any documents. Their combined testimony established the required elements of the business record exception. In **Colon**, the court found an "indicia of reliability" simply by meeting the hearsay exception of an excited utterance. **See Colon**, 102 A.3d at 1041. Therefore, the first requirement of good cause has been met because the Commonwealth established the hearsay exception of a regularly conducted business record.

This does not end our inquiry, however, as the Commonwealth was also required to establish "corroboration by other evidence of record." **Id.** at 1040. In **Colon**, the defendant was accused of violating his probation when he received new simple assault charges for punching the victim in the face. **See id.** at 1036. At the probation violation hearing, the victim did not testify. **See id.** at 1041. The Court in **Colon** found corroboration by other evidence of record in that an officer testified that he observed the victim crying, yelling,

upset, and frantic right after the assault occurred. *See id.* at 1036. The officer further observed "visibly fresh injuries to [the victim's] face[.]" *Id.* at 1041. As there was non-hearsay evidence in the officer's testimony that corroborated the statements made by the non-testifying victim, the Court found the Commonwealth met the good cause standard for admission of the victim's out-of-court statements. *See id.*

Here, there was absolutely no corroboration. Johnson did not admit to violating any conditions of her parole, and the only testimony was from two parole officers who did not personally observe any of the violations. The entirety of their information came from the uncertified reports received from North Carolina.

Despite this, the Commonwealth understandably argues the good cause standard was met because the potential witnesses were from North Carolina and there would be considerable expense in bringing them to Pennsylvania.[3] *See* Appellee's Brief, at 11. The Commonwealth relies on *Sanders v. Pennsylvania Bd. of Probation and Parole*, 958 A.2d 582 (Pa. Cmwlth. 2008), to support its position. *See id.* We do not find *Sanders* supports this argument.

---

[3] We note that Johnson appears to waive her right to in-person confrontation by citing to Pa.R.Crim.P. 119 (use of two-way simultaneous audio-visual communication in criminal proceedings) and agreeing that out-of-state witnesses' appearance by audio-video "is permissible under the Rules." Appellant's Brief, at 20.

In **Sanders**, the defendant transferred his parole to Georgia. **Sanders**, 958 A.2d at 582. The Board received a report from Georgia alleging Sanders violated a number of conditions of his parole. **See id.** at 583. The Board issued a warrant for his arrest and Sanders was arrested. **See id.** After his arrest, Sanders signed a waiver that included an admission to violating his parole. **See id.** at 584. The Court found the admission in the waiver was valid and permitted the Board to revoke Sanders' parole. **See id.** at 586. The language the Commonwealth relies upon is the following: "Presumably, holding a hearing or requiring a waiver in the receiving state is to make the Compact workable by avoiding the expense of parole agents coming to the sending state to testify." **Id.** However, this language is mere *dicta* and not binding on this Court. In any event, Sanders admitted to being a parole violator by signing a waiver that included his admission. The Commonwealth Court did not hold that the mere expense of traveling is a basis to find good cause for allowing hearsay as the sole basis for revoking one's parole. Instead, they found that Sanders admitted to violating his parole and revoked his parole on that basis. **See id.** at 586.

As stated above, we are therefore constrained to find that the Commonwealth here did not establish good cause to admit the hearsay evidence. While we find that there was an "indicia of reliability" of the reports based upon meeting the standard for the business record exception, there was no "corroboration by other evidence of record." The only evidence here of

Johnson's parole violations were the uncertified hearsay reports from North Carolina. As we have no other evidence to support the violations, we must vacate the judgment of sentence.

The proper remedy is to remand for a new revocation hearing.[4] **See Commonwealth v. Mullins**, 918 A.2d 82, 86 (Pa. 2007). As such, we vacate the judgment of sentence and remand for a new revocation hearing consistent with this memorandum.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  May 27, 2026

---

[4] If the in-person appearance of the North Carolina witnesses is necessary in this serious parole violation case, the costs of their transportation may be added to Johnson's court costs if she is found in violation of her parole. **See** 42 Pa.C.S.A. § 9728(g).